THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF THE STATE OF MICHIGAN v. GEORGE W. CHILD AND SUSAN D. O'CONNOR.

*Mutual benefit associations—Certificate of membership—Change of beneficiary—Evidence—Equity.*

1. A member of a benefit association, pending proceedings to obtain a divorce, named a lady to whom he was engaged to be married as beneficiary, who, on learning of such marriage, broke the engagement, and about the time the member secured his decree was married to another party. She had never had the certificate, and some three years after her marriage, the same having been lost, the member applied in writing for its re-issue, stating the fact of its loss, and directing the payment of the amount of insurance to which he should be entitled at time of his death to his son and one Galloway (who was not a relative) jointly, and disclaiming any interest of the original beneficiary therein. Upon the refusal of such application for want of the surrender of the certificate, the member executed a power of attorney to Galloway, authorizing him to take out a new certificate, payable to the member himself, with authority to collect on his death, etc. Under the rules of the association the member had the right to change the beneficiary without her consent or knowledge, by making the proper indorsement upon the certificate, and complying with other formal requirements of the order. On the death of the member, no new certificate having been issued, the beneficiary and the son both claimed the insurance, and the association filed a bill of interpleader to determine their respective rights, conceding its liability upon the certificate; and the Court decreed that it be paid to the son, as sole heir at law, for reasons stated in the opinion.

2. The following propositions are summarized from the opinion of Chief Justice SHERWOOD:

*a*—All contracts are presumably made in view of the law governing their construction, and the rules of evidence applicable when the contract is sought to be established and applied.

*b*—The law never requires impossibilities, and the rule of a benefit association which requires a certificate of insurance to be surrendered upon change of the beneficiary, that it might be

indorsed on such certificate, can only be construed as so requir-
ing when the certificate is in existence.

'c—A certificate of insurance issued by a benefit association is
only *evidence* of the vested *right* of the member to share in the
benefits of the order, and to direct who shall receive the fund in
case of his death, and upon the loss of such evidence the *right*
remains, and its existence can be established by any other compe-
tent evidence.

*d*—Equity is the perfection of the law, and is always open to
those who have just rights to enforce where the law is inade_
quate.

*e*—Justice alone can be considered in a court of chancery, and
technicalities can never be tolerated except to obtain and not to
destroy it, and the greater equity should always be allowed to
prevail.

Appeal from Wayne. (Look, J.) Argued February 3,
1888. Decided May 11, 1888.

Bill of interpleader. Defendant George W. Child appeals.
Decree reversed, and one entered in favor of appellant in
accordance with the opinion.

*Stewart & Galloway*, for appellant, contended as stated in
the opinion.

*A. C. Angell*, for defendant O'Connor, contended:

1. An affianced woman has an insurable interest in her lover's life
   (*Chisholm v. Ins. Co.*, 52 Mo. 213), and her right to the fund is
   not terminated by her subsequent marriage to another (*Ins. Co.
   v. Schaefer*, 94 U. S. 457; *McKee v. Ins. Co.*, 28 Mo. 383; *Rawls
   v. Ins. Co.*, 27 N. Y. 282: *Mowry v. Ins. Co.*, 9 R. I. 346).

2. A member is bound by the constitution of a mutual benefit asso-
   ciation: *Wendt v. L. of H.*, 72 Ia. 682 (34 N. W. Rep. 470).

3. The provisions as to a change of beneficiaries were in the constitu-
   tion, and a part of the contract of insurance: *Ins. Co. v. Stoy*,
   41 Mich. 395; *Supreme Com. v. Ainsworth*, 71 Ala. 443; *Bauer v.
   Samson Lodge*, 102 Ind. 262; *Osceola Tribe v. Schmidt*, 57 Md.
   98.

4. Child's power of appointment must be exercised in the manner
   provided by the rules of the order (*K. of H. v. Nairn*, 60 Mich.
   44); and, if they require the consent of the association, a change

without such consent is invalid (*Aid Society v. Lupold*, 101 Penn. St. 111); and the failure to surrender the old certificate before taking out a new one, as required, leaves the first certificate good (*Coleman v. K. of H.*, 18 Mo. App. 189).

5. This case is governed by legal rules, the contest being one of legal and not equitable title: Story, Eq. Jur. § 61; *K. of H. v. Nairn*, 60 Mich. 44.

SHERWOOD, C. J. The facts in this case are all agreed upon, and are substantially as follows:

In the year 1873 the Supreme Lodge of the Order of United Workmen was organized by representatives from the grand lodges of the same order in the states of Pennsylvania, Ohio, and Kentucky, and was incorporated by the legislature of the state of Kentucky in February of that year.

The Supreme Lodge, at the time of its organization, adopted rules and regulations for the control and government of the order, and, among other things, it provided for the organization of grand lodges in the several states, and for local lodges, the representatives of which make up the grand lodge.

Soon after the organization of such Supreme Lodge, local lodges were formed in the State of Michigan, in pursuance of the rules and regulations adopted; and from them, on February 27, 1877, the Grand Lodge of the order was organized, and continued to exist, under said rules and regulations, as a voluntary organization, until January 7, 1878, when it was duly incorporated by the Legislature of the State. Under the action taken by the Supreme Lodge, the rules and regulations adopted by that lodge are to be binding on all members and lodges. The principal object of the order is to secure, upon the death of a member in good standing, to such person as he may designate while living, the payment of the sum of $2,000, intended mainly for the benefit of his family or heirs.

It is further shown by the stipulation that George J. Child became a member of one of the subordinate lodges in this State, in the month of August, 1877, and on September 19,

1878, received a certificate of membership, and which is also a beneficiary certificate, issued by the Grand Lodge, acting under the authority of the Supreme Lodge.    Said certificate is as follows:

"GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN OF MICHIGAN.
"No. 39.                                                         $2,000.

"This certificate, issued by the authority of the Supreme Lodge of the Ancient order of United Workmen, witnesseth, that Brother George J. Child, a master workman degree member of Unity Lodge No 9 of said order, located at Detroit, in the State of Michigan, is entitled to all the rights and privileges of membership in the Ancient Order of United Workmen, and to participate in the beneficiary fund of the order, to the amount of $2,000, which sum shall, at his death, be paid to Susan Drury.    This certificate is issued upon the express condition that said George J. Child shall, in every particular, while a member of said order, comply with all the laws, rules, and requirements thereof.

"In witness whereof the Grand Lodge of Michigan has caused this to be signed by its grand master workman and recorder, and the seal thereof to be attached, this 19th day of September, 1877.
[Seal of Grand Lodge.]
                    "GEO. H. PENNINGTON, Gd. Master Workman.
"Attest:  W WARNE WILSON, Grand Recorder.

"We, the undersigned, master workman and recorder  of Unity Lodge No. 9, do hereby countersign this certificate, and attach the seal of this lodge hereto, rendering the same valid and in full force, this 19th day of September, 1877.
                    "THOMAS J. CROWE, Master Workman.
[Seal of subordinate lodge.]
"Attest :  JOHN GALLOWAY, Recorder."

That, at the time said George J. Child received said certificate, and the same was issued, he was a student in Huron College, at London, Ont., and that the Susan Drury mentioned in said certificate was betrothed to him, and for some time previous had been, and that, when he received the certificate, he showed it to her, and she handed it back to him.

That the said George J. Child had then a wife and child living in England, and he was then taking proceedings in this State to obtain a divorce from his wife, and succeeded in so doing on July 1, 1878.

That the said Susan Drury, on learning that Child was married and had a wife living, broke her engagement with him, in December, 1877, and he at once left the college, and they were never married, but Susan thereafter, in the month of December, 1878, married William O'Connor; and that she is the same person as Susan Drury mentioned in said certificate and Susan D. O'Connor, defendant in this suit.

That she has never had the certificate, except when Mr. Child showed it to her, and did not know whether it was in existence or not until after his death, and that he never expressed to her any wish to change the name of the beneficiary therein.

It further appears by the stipulation that the son, who is now the defendant Child, for many years last past lived and made his home with his grandfather, who is the father of the deceased, in England, and that George J. Child died at Topeka, Kan., on January 9, 1886; that, during his lifetime, he paid all dues, assessments, fees, and all other expenses to the order for the creation and maintenance of its beneficiary fund.

That on March 25, 1881, he made a statement showing the loss of his certificate, and changing the name of the beneficiary from Susan Drury to that of his son, George W. Child, as follows:

"BENEFICIARY DEPARTMENT.    APPLICATION FOR A BENEFICIAL CER-
TIFICATE.

"RUSSEL, RUSSEL CO., KAN., March 25, 1881.

" *To the Grand Lodge of the A. O. of U. W. of the State of Michigan:*

"I, George J. Child, having the M. W. degree of Unity Lodge No. 9 of the Ancient Order United Workmen of the State of Michigan (I being a charter member of said lodge), do hereby agree that compliance on my part, with all the laws, regulations, and requirements which are or may be hereafter enacted by said order, is the express condition upon which I am entitled to participate in the beneficiary fund, and have and enjoy all the other benefits and privileges of said order.

"I certify that the answers heretofore made by me to the questions

propounded by the medical examiner of this lodge, which are attached to my original application made prior to taking said degree, and form a part thereof, are true.

"I further certify that the beneficiary certificate issued to me at the time of taking said M. W. degree has been lost, and that the beneficiary named therein has no interest in the same. I hereby authorize and direct that the amount to which I may be entitled, of said beneficiary fund, shall, at my death, be paid to John Galloway, of the city of Detroit, he being without relationship to me, and to my son, George W. Child, jointly, to share, and to share equally.

"GEORGE J. CHILD, Applicant.

"Attest: RECORDER UNITY LODGE No. 9, A. O. OF U. W."

And the said George J. Child afterwards executed the following power of attorney to John Galloway:

"*Know all men by these presents*, that I, George J. Child, now of Russel, Russel county, and state of Kansas, have made, constituted, and appointed, and by these presents do make, constitute, and appoint, John Galloway, of Detroit, Mich., a true and lawful attorney for me, and in my name, place, and stead, to make application for and to take out a new beneficiary certificate, payable to myself, in the Ancient Order of United Workmen of Michigan, of which I am a member in Unity Lodge in said order, at said Detroit, in the place of one I had in said order prior to its obtaining a separate jurisdiction in said State of Michigan; giving to him, my said attorney, hereby full power and authority to collect and receive payment upon said certificate to be obtained at the time of my decease, or to assign the said certificate, or any other certificates it may hereafter become necessary to apply for and obtain in compliance with the requirements of said order; all which he is also hereby empowered to apply for and obtain for me; and giving and granting unto —— him, my said attorney, full power to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully, to all intents and purposes, as I would, might, or could do if personally present, with full power to substitution and revocation; hereby ratifying and confirming all that he, my said attorney or his substitute, shall lawfully do or cause to be done by virtue hereof.

"In witness whereof, I have hereunto set my hand and seal the 2d day of May, 1882.

"GEORGE J. CHILD. [L. S.]"

On the presentation of the application for the re-issue of the certificate it was declined by the order, on the ground that the first certificate was not surrendered, although lost; and the said Galloway, after consulting with the officers of the lodge of which said George J. Child was a member, advised him to make the foregoing power of attorney so as to accomplish the change in the beneficiary fund desired, and upon such advice it was so made.

And it is further admitted by the parties that, at any time during the life of the said George J. Child, it was in his power, under the rules and regulations of the Supreme Lodge and of said Grand Lodge, to make a new direction as to the person to whom the fund should be paid in the event of the member's death, and this without consulting with or obtaining the consent of the person originally named as the payee of the certificate; and that such new direction could be made by authorizing such change in writing on the back of such certificate in the form prescribed, and by complying with some other formal requirements of the association.

It is further admitted that the principal office of the complainant for the transaction of its business is in Detroit; that it has adopted certain rules and regulations for the control of its members, and providing a way of creating and disbursing its beneficiary fund; that, among other things, it is provided that upon the death of a member, in good and regular standing, of a subordinate lodge, under the jurisdiction of the said complainant, such person or persons as said member may have directed while living shall be entitled to receive of the beneficiary the sum of $2,000, provided said member shall have complied in all particulars with all the laws, rules, and regulations of the order, and with certain specified conditions; that said George J. Child was, at the time of his death, a member in good standing of a subordinate lodge, and entitled to all the rights and benefits of membership.

Complainant avers in its bill that the funds are ready in

the hands of the treasurer of the order to make payment upon the certificate to the person entitled thereto ; but, by reason of the several claims made to the fund, the complainant is unable to pay to either of them in safety, and therefore files this bill asking the defendants to interplead before the court, that it may determine what in right and justice shall be done by the complainant in the premises. The complainant deposited the fund with the register of the court under its order to await final disposition.

The learned circuit judge made a decree giving Mrs. O'Connor the fund, and directed payment to be made accordingly.

We are unable to concur in this result. It is very manifest from what appears in the record that the only reason the deceased could have had in making the lady claimant his beneficiary was that he expected she would become his future wife. This she did not do, and, within 16 months after the date of the certificate, she placed it out of her power so to do, and the record does not show that a word ever passed between them after she declined his attentions. The reasons and motives which induced Mr. Child to make Miss Drury donee in the certificate having all been removed when she discarded him and married O'Connor, it is difficult to understand what equity there can be in the court insisting that she shall continue the object of his bounty.

It appears from the record that his wife died before he did, and that his son, the defendant Child, was his only heir, and, that the son had been supported and cared for by the father of the deceased ; and there is nothing tending to show that he did not have the affection and regard for the son, and the interest in his welfare, common to all fathers, and which the law presumes, and by reason thereof casts the inheritance of the father's estate upon the son. Under such circumstances it would seem to be unjust for the court to allow the estate of the father to be diverted from the channel in which natural affection and the common sense of mankind has placed it

for centuries, and thrust the inheritance upon a stranger.

It clearly appears that the deceased, while living, never intended, after Miss Drury married O'Connor, that she should remain the beneficiary in the certificate. He continued to pay his dues and assessments until the time of his death; and, within two years after she rejected his suit, he undertook and did all that he could, and all that he was required in equity to do, to change the donee in the certificate named to that of his son. The rules of the order allowed him to do this, and it was not in the discretion of the order to prevent it. It was a right, under the rules of the order, of which he could not be deprived, upon his complying with the conditions prescribed for such action, and which he performed so far as it was in his power to perform; and for these reasons it would be most unjust and inequitable for a court to disregard such action and such intention of the deceased before he died, and award his property to the claimant, who had forfeited all claim to his bounty, and whom he had discarded.

We do not deem it our duty upon this record to consider the liability of the complainant upon the certificate. Both defendants claim it, and the complainant concedes and offers the money to the person entitled; and, thus admitting the right of one defendant or the other to the money, we are asked in equity and good conscience to determine which one of the two is entitled to the fund. It is claimed by counsel that the law must give it to Mrs. O'Connor, because such was the contract when made; and that Mr. Child, by the loss of the certificate, had placed it out of his power, under the rules of the order, to make a change in the beneficiary legally, and that in such case "equity follows the law."

All contracts are presumably made in view of the law governing their construction, and the rules of evidence applicable when the contract is sought to be established and applied. The law never requires impossibilities, and the rule of the order which required the certificate to be surrendered when

a change of the beneficiary was made, that it might be indorsed upon the certificate, could only be construed as requiring that to be done when the certificate was in existence. The existence of the right to share in the benefits of the order, and to direct who should receive the fund in case of the death of a member, was a right vested in the member as soon as he became entitled thereto, and the certificate was only evidence of the existence of that right; and, when that evidence was lost, the right remained, and its existence could be established by any other competent evidence; and the same is true of the existence of the change, directed by the member, of the beneficiary. Mr. Child did all he could do in making the change, and it should have been allowed and done by the order.

Equity will consider that done which ought to have been done. For the purpose of determining the rights between these defendants, the proceeding is governed by equitable principles. The fund is held in trust by the order for the person to whom it belongs; and it is true in this, as in every other case, equity follows the law, so far as the law goes in securing the rights of the parties, and no further; and, when the law stops short of securing this object, equity continues the remedy until complete justice is done. In other words, equity is the perfection of the law, and is always open to those who have just rights to enforce where the law is inadequate. Any other conclusion would show our system of jurisprudence not only a failure, but a delusion and a snare. Justice alone can be considered in a court of chancery, and technicalities can never be tolerated except to obtain and not to destroy it, and the greater equity should always be allowed to prevail. There can be, it seems to me, no doubt in this case where it lies.

After a careful examination of the authorities cited by counsel in this case, we think the views above expressed on the questions considered are not in conflict with any of

them, but rather find support therefrom in most instances.

As we have said, the defendant Child is the sole heir at law of his father. His father unquestionably intended this fund for him many years previous to his death, and, for eight years after Mrs. O'Connor's marriage, kept up the dues and assessments for the benefit of his son, and did all he could do in directing the order to pay it to his son, and which he had the right to have done. The reason why Mrs. O'Connor should have ever had the benefit ceased entirely after her marriage. Under all these circumstances, there ought not to be any question but that the greater if not all the equities are with the defendant Child.

The decree of the circuit court must be reversed, and an order entered in this Court directing the circuit judge to enter a decree for the defendant George W. Child, with costs to be recovered of Mrs. O'Connor, and directing the register of said court to pay over to the said defendant George W. Child, or to the person or persons entitled thereto, the funds deposited with said register, to satisfy such decree; and the complainant will recover the costs which it has incurred, to be taxed, and deducted from the amount for which it is liable under the certificate.

The other Justices concurred.