ALLGEMEINER ARBEITER BUND v. ADAMSON.

BENEFIT SOCIETIES—CHANGE OF BENEFICIARY. ·

Where a mutual benefit association, whose constitution provided that a beneficiary might be changed upon a surrender of the certificate, waived such surrender (because the beneficiary, having possession, refused to return it), and, at the request of the member, issued another in its stead for the benefit of another person, the beneficiary in the first certificate, who had made no payments thereon, could not recover from the association upon the death of the member.

Appeal from Bay; Shepard, J. Submitted December 3, 1902. (Docket No. 137.) Decided December 29, 1902.

Bill of interpleader by the Allgemeiner Arbeiter Bund against Emma Adamson and Ursula Merz to determine the right to a death benefit. From a decree for defendant Adamson, defendant Merz appeals. Affirmed.

*James H. Davitt*, for appellant.

*James Van Kleeck*, for appellee.

MOORE, J. This is a bill of interpleader. At the time of his death, February 1, 1901, Johann Merz was a member in good standing of complainant bund. By virtue of such membership the person lawfully designated by him became entitled upon his death to a beneficiary fund of $500. Both of the defendants claimed the money; hence this suit. From a decree in favor of defendant Adamson, defendant Merz has appealed.

In December, 1869, Mr. Merz became a member of the local branch of the complainant at Saginaw. Prior to that time he had been married to defendant Merz. These parties lived together until 1897, when they separated,— for what cause does not very clearly appear. At this time there was a division of their property, and Mr. Merz

went to live with Mrs. Adamson, a daughter by a prior marriage, and continued to live with her up to the time of his death. In December, 1893, the complainant company issued a certificate to Mr. Merz, in which his wife was named as beneficiary. After his separation from his wife he caused a letter to be written to her, to which she sent a reply November 12, 1897, in which she declined to send him what she describes as "the other papers." At the request of Mr. Merz, the complainant society issued to him, November 4, 1897, a new certificate, in which Mrs. Adamson was named as beneficiary. Mrs. Merz retained the prior certificate, but made no payments thereon. Mrs. Adamson not only took care of her father, but, after the certificate was issued in which she was named as beneficiary, made all the payments which were made to the complainant by reason of said insurance. The constitution of the complainant had the following provision in it:

"Each member shall in this certificate name or designate with the full name of the person or persons to whom after his death the money shall be paid. The sum in such certificate shall not be paid to any one else except the one mentioned in the certificate. No certificate shall be assigned or transferable to any one else except the person named in the certificate. But, in case a member wishes to change the name of the beneficiary in his certificate, then he shall ask the president and secretary of his society for another certificate, and shall turn over to them the first one, through which act of his the first one becomes null and void."

It is claimed that, because the first certificate was not surrendered, it is still in force, and Mrs. Merz is entitled to the fund.

Mrs. Merz obtained no vested right as beneficiary that would prevent Mr. Merz from changing the beneficiary named in the certificate. His right to make the change was recognized by the provision of the constitution. Before issuing a new certificate the complainant might insist upon the surrender of the first certificate, if it was in the possession of the assured; but this was a requirement it might

waive, and this it did when it issued a certificate to Mrs. Adamson, and received payments thereunder. The right of Mr. Merz to change the beneficiary could not be defeated because he did not have the certificate in his possession, and could not surrender it. He undertook to make the change, and the company recognized that he had done so.

It is suggested that, when the second certificate was issued, the person who issued it did not know of the prior certificate. The stub of the certificate book kept by the complainant, and produced on the trial by the secretary, showed the date of and to whom the first certificate was issued, and it cannot properly be said the complainant did not know of the existence of the first certificate when the second was issued. The case is controlled by *Grand Lodge A. O. U. W.* v. *Child*, 70 Mich. 163 (38 N. W. 1); *Same* v. *Noll*, 90 Mich. 37 (51 N. W. 268, 15 L. R. A. 350, 30 Am. St. Rep. 419); *Same* v. *Kohler*, 106 Mich. 121 (63 N. W. 897).

The decree of the court below is affirmed.

The other Justices concurred.