LADIES OF THE MODERN MACCABEES *v.* DALEY.

1. INSURANCE — CONTRACTS — AGREEMENT NOT TO CHANGE BENEFICIARIES.

Where insured took out a policy on her life with the understanding that the beneficiaries, two of her children, should keep up the premiums, and later several changes were successively made in beneficiaries without any objection on the part of the children, the evidence is *held* to be insufficient to prove that there was a contract not to change beneficiaries.[1]

2. SAME — FRATERNAL BENEFIT ASSOCIATIONS — CHANGE OF BENEFICIARY.

The original beneficiaries of a policy of insurance in a fraternal beneficiary association cannot object that the insurer permitted a change of the beneficiaries without a strict compliance with its by-laws.

3. SAME—TRUSTS—DECREE.

Under testimony of the last beneficiary tending to show that she held the fund in trust for others, the decree should define the purpose for which the trust was created, although the trust was not pleaded.

4. SAME.

But the trust was a personal trust and could not be conferred

---

[1] As to power of insured to destroy rights of beneficiaries, see note in 49 L. R. A. 737.

on another nor could its administration be assumed by the court.

5. SAME—COSTS.
    Costs of the appeal should be awarded to the appellant trustee who had not concealed the true facts and who prevailed as to her contentions.

Appeal from Saginaw; Kendrick, J. Submitted June 9, 1911. (Docket No. 32.) Decided July 5, 1911.

Bill of interpleader by the Ladies of the Modern Maccabees, a domestic corporation, against Mary E. Daley, Agnes Hatch, and Patrick O'Grady. From a decree awarding to defendant Mary E. Daley a part of the relief claimed, all the defendants appeal. Modified and affirmed.

*A. Elwood Snow,* for defendants Hatch and O'Grady.

*George C. Ryan,* for defendant Daley.

HOOKER, J. The complainant's bill was an interpleader to ascertain the ownership of a fund due upon a benefit certificate issued by the complainant. The defendants answered, and the cause was heard between them upon the merits. The three defendants have all appealed from the decree. The evidence shows that on May 7, 1904, Catherine O'Grady was insured by the complainant in the sum of $1,000, Agnes and Patrick O'Grady, her children, being named as beneficiaries. In 1901 she changed the beneficiaries to Agnes and Thomas O'Grady, a son. In June, 1908, another change was made, whereby $500 was made payable to Agnes and $400 to Patrick and $100 to Elizabeth McIntosh, another daughter of Mrs. O'Grady. In March, 1910, Mrs. O'Grady caused another change to be made, whereby a daughter named Mary E. Daley was made sole beneficiary. Mrs. McIntosh had previously died. Agnes and Patrick made claim to the fund, asserting—

(1) That the last change was brought about through the improper influence of Mrs. Daley, at a time when her mother was *in extremis* and incompetent; (2) that they had contract rights in the fund that precluded Mrs. O'Grady from changing the beneficiary; (3) that the last change was invalid for the reason that the by-laws of the complainant were not complied with in making application for the change.

Upon the hearing Mrs. Daley testified that the last change was made at her mother's instance, and with her own reluctant consent to accept the fund to be taken in trust to be used as follows: Payment of all expenses of sickness and funeral, $100 to the children of Mrs. McIntosh, $50 each to Frank, Tom, and John O'Grady, $25 for masses for Mrs. O'Grady's soul, the remainder to be divided between Agnes and Patrick. As to Patrick's share, Mrs. Daley was to keep it to be used for him in sickness, lest he squander it in drink. The decree did not contain a statement of facts found, but adjudged that:

"The court, being fully advised in the premises, doth order, adjudge, and decree that said fund be distributed as follows: To John O'Grady the sum of $50, to Frank O'Grady $50, to Thomas O'Grady $50, to Stephen McIntosh the sum of $100, in trust for the children of Elizabeth McIntosh, deceased, to be divided equally between them, and to be held by him as said trustee until said children attain the age of 21 years, and, when each child shall attain the age of 21 years, his or her share shall be paid to him or her, and as a condition precedent to McIntosh drawing said sum from the register of this court he shall give a bond in such sum and with such sureties as this court shall approve. To F. E. Case & Son the sum of $98 for funeral expenses, and to Dr. P. S. Windham, the sum of $36 for medical attendance, and to Mary E. Daley the sum of $34, to be applied as follows: The sum of $25 to be paid the church for services, the sum of $2 for assessments on said benefit certificate advanced by her, the sum of $3 for proofs of death advanced by her, and the sum of $4 to be paid the register of this court for the filing of this decree, it being understood that $2 of said fund has been paid for filing said bill, to George C. Ryan, solicitor for Mary E. Daley, the sum of $25, and to

A. Elwood Snow, solicitor for Agnes Hatch and Patrick O'Grady, the sum of $25. The balance of $530 to be equally divided between Agnes Hatch and Patrick O'Grady and to be retained by the register of this court, and paid to them under the orders of this court."

Mrs. Daley appealed from this decree, claiming that, while the circuit judge sustained the last change of beneficiary, he erroneously disregarded Mrs. Daley's rights to the fund, and ordered a distribution of a portion of the same through the register of the court, making Stephen McIntosh a trustee for the McIntosh heirs in place of Mrs. Daley, allowing and ordering paid by the register the bills of the undertaker, the doctor, and retaining the shares of Agnes and Patrick in the custody of the court as trustee.

We have endeavored to examine and weigh the testimony carefully, and do not feel warranted in sustaining the claims of Agnes and Patrick as to their contract rights to this fund. It seems clear to us (and in this we are confirmed by the evident opinion of the circuit judge) that there never was an agreement not to change the beneficiaries without their consent, but that the right of doing so always remained with Mrs. O'Grady, who exercised it repeatedly. We also believe that the last change was proposed and asked for by her without undue influence and at a time when she had a right and was mentally competent to do so; that in doing this she intended, and Mrs. Daley acquiesced in her wish, that she, Mrs. Daley, take and hold the fund in trust as shown upon this record.

We are also of the opinion that the defendants Patrick and Agnes cannot complain of the omission of complainant to require a strict compliance with the by-laws. See *Grand Lodge A. O. U. W.* v. *Brown*, 160 Mich. 448 (125 N. W. 400).

In view of Mrs. Daley's own testimony, we think it proper that the decree show that she is to take this fund in trust for the purposes shown by the record, which, as between her and her mother and as between herself and

166 MICH.—35.

the other defendants, constitutes a limitation upon her title to the fund.

We think, however, that the disposition directed by the learned circuit judge, though plainly in the interests of economy, cannot be sustained.   The trust was a personal one confided to Mary E. Daley, and should not, perhaps could not, be conferred upon another, or assumed, by the court.   A decree may be taken in conformity to this opinion, and, if counsel cannot agree upon the terms of the trust, it will be determined on the settlement of the decree.

Counsel for Mrs. Daley assert that no determination should be made in this proceeding as to the terms of the trust, inasmuch as it is not pleaded, but we think otherwise.   Equity demands that she be not given an absolute title to this fund, though on the face of her answer there is no hint of a limitation upon her right to the fund.

We think, however, that the matter was not concealed, and therefore that fact should not deprive her of costs of this court as  against her codefendants, which she will recover.

OSTRANDER, C. J., and BIRD, MOORE, and McALVAY, JJ., concurred.