LADIES OF THE MODERN MACCABEES *v.* DALEY.

1. CONTEMPT—DECREE—FORM OF ORDER—ADVICE OF COUNSEL AS EXCUSE FOR DISOBEYING DECREE.

   A respondent in contempt proceedings is not chargeable with contempt of court for refusing to obey an opinion or order of the court requiring her to pay certain funds to the complainant, if she acted under advice of her solicitor and purposed taking an appeal from the order as soon as a formal appealable decree should be drafted.

2. SAME—ESTOPPEL—JUDGMENT.

   But having acted upon the opinion or order of the court filed in the cause, by claiming and receiving from the register of the court funds that the order awarded to her, and by taking preliminary steps to perfect an appeal, respondent lost the right to insist that a final order had never been entered.

Contempt proceedings by Agnes Hatch against Mary E. Daley for disobedience of an order of the court entered in the above entitled cause (166 Mich. 542 [131 N. W. 1127]). Submitted December 10, 1912. (Calendar No. 24,581. Respondent acquitted and discharged January 3, 1913.

*A. Elwood Snow,* for petitioner Hatch.

*George C. Ryan,* for respondent Daley.

PER CURIAM. In this cause, pursuant to an opinion handed down therein (166 Mich. 542 [131 N. W. 1127]), a decree was entered in this court by which it was, among other things, ordered that the defendant Mary E. Daley present to the circuit court in chancery for the county of Saginaw her claim for costs and expenses in the execution of the trust and have the same determined by that court. She filed her petition in that court, in which she asked for an allowance, and, after a hearing thereon, said court in a written document filed in the matter allowed

her the sum of $150, and directed the register of the court to turn over to her the trust fund then in the hands of the court, to be distributed according to the decree of this court, and that the said register take her receipt for the money, and furnish her with a copy of the order and determination of the court. This determination was made April 1, 1912. Pursuant thereto, defendant did apply to the register of said court and from him received and took possession of the fund, amounting, with accrued interest, to something more than $1,000. The decree of this court required the said Mary E. Daley, after the payment of certain sums, including the payment of the costs and expenses of execution of the trust, to pay one-half of the remainder of the fund to Agnes Hatch. On the 21st of August, 1912, Agnes Hatch demanded of said Mary E. Daley payment of one-half of the residue of said fund, claiming there was due to her the sum of $268.54. Payment not having been made, Agnes Hatch petitioned this court for an order commanding the said Mary E. Daley to show cause why she should not be punished as for contempt, and be removed as said trustee for the disobedience of the decree of this court, and for wilful refusal to pay the money ordered by her to be paid to petitioner. An order to show cause was made, and for a return thereto the said Mary E. Daley says that the circuit court for the county of Saginaw, in chancery, made no order in the premises, but, on the contrary, filed an opinion merely, which is not in form an order, and which from its form cannot be called or treated as an order of the court. She further returns that the amount allowed her by the circuit court was inadequate, and that, feeling herself aggrieved, she took steps to perfect an appeal to this court, procuring a transcript of the stenographer's minutes, and that the case for review was agreed upon by opposing counsel, who stipulated as follows:

"It is agreed between the attorneys that the foregoing contains the record in the matter of said appeal, and that the court may sign the same without notice."

But she says that, owing to the fact that no order had been entered pursuant to what she denominates an opinion, no order was made settling the case for review on appeal; that, in a desire to avoid a second appeal to this court, she conducted negotiations with the aid of her counsel, hoping to come to a settlement with interested parties, and, believing that such a settlement was possible, she has not perfected her appeal; that is to say, she has filed no claim of appeal, and has not paid to the register of the circuit court his fee, but asserts that she had no occasion to do either until an appealable order had been entered. She further returns that her solicitor will apply immediately to the said circuit court in chancery to have an appealable order entered, and that an appeal will be prosecuted to this court for review at the earliest possible moment; that she has been advised by her solicitor that she could not appeal until an appealable order had been entered in such cause. In conclusion she returns that, if this court is of opinion that the opinion or order of the circuit court for the county of Saginaw, in chancery, is an order from which an appeal might have been taken, she stands ready and willing to perform any decree or sentence without contempt proceedings against her, if this court will indicate what she is to do.

So far as her personal conduct is concerned and is described in the return, it is not traversed, and we are of opinion that she is not to be held guilty of a contempt of the court, if, as she states, she acted upon the advice of her counsel with respect to the character of the order which was made by the circuit court of the condition upon which her right to appeal depended and if she desired to appeal.

We are also of opinion, stated here for the benefit of all parties, that, however the form of the written instrument made by the circuit court for the county of Saginaw in chancery may differ from the approved forms of orders and decrees as indicated in the text-books upon the subject, Mrs. Daley is not in a position to claim that the in-

strument after it was filed did not have the force and effect of an order, because, pursuant to it, she called upon the register of the court, and was paid and receipted for the money in the hands of the court, and was then and there furnished with a copy of the said instrument. All parties appear to have treated it as an order of the court. No question is made that the amount demanded by petitioner is not a proper amount to be paid, if the court below has finally determined the costs and expenses due to respondent.

An order will be entered finding respondent not guilty of contempt of court, but she will be required to pay to petitioner, as costs, $10.