NEW ERA ASSOCIATION v. KUYAT.

1. INSURANCE—BENEFIT POLICY—MUTUAL BENEFIT ASSOCIATION—CHANGE OF BENEFICIARY.

The insured in a life policy of a mutual association whose constitution contained a provision permitting a change of beneficiary by signing a waiver of the first certificate was authorized to make the change without the assent of the

beneficiary or without notice to him, because under the contract he obtained no vested right in the insurance.

2. SAME—ESTOPPEL—MISTAKE.

Where the beneficiary, who paid the premium on a benefit certificate for $1,000 insuring her husband's life, wrote to the insurer to ascertain whether or not there had been any change in the beneficiary, and by mistake the local official of the association returned that the original policy remained in force, though $250 had been made payable to a sister of the insured, the plaintiff insurance organization was not estopped to deny that a change had been made where the claimant did not show that she had acted in reliance on the information so received, the change affecting only a part of the fund payable under the certificate.

3. SAME—CHANGE OF BENEFICIARY.

Where the insured indorsed his name on the new certificate as the by-laws of the company provided he should do on receiving it, he ratified the change as made whether or not he had complied with the regulations for bringing about the transfer or modification.

Appeal from Wayne; Mandell, J. Submitted April 6, 1916. (Docket No. 27.) Decided June 1, 1916.

Bill of interpleader by the New Era Association, a mutual benefit insurance association, against Emma R. Kuyat and Sophia Kenzie to determine the right to the proceeds of a policy of insurance. From a decree for defendant Sophia Kenzie, defendant Emma R. Kuyat appeals. Affirmed.

*Kleinhans, Knappen & Uhl* (*Lucking, Helfman, Lucking & Hanlon,* of counsel), for complainant.

*James F. Hill,* for defendant Sophia Kenzie.

*Moore & Moore,* for defendant Emma R. Kuyat.

STONE, C. J. Plaintiff filed its bill of interpleader to determine the ownership of a fund of $250 which appellant Emma R. Kuyat claims under a benefit cer-

tificate or policy issued by plaintiff to one Florian A. Kuyat. Appellee Sophia Kenzie claims the same fund under a later benefit certificate issued by plaintiff upon receipt of a purported waiver of the first certificate, and a direction to issue a new certificate written upon a form provided by plaintiff for such purpose, and purporting to be signed by the insured. Florian A. Kuyat and Emma R. Kuyat were married October 5, 1911, at Detroit. On October 19, 1911, the plaintiff issued a benefit certificate or policy to said Florian A. Kuyat, providing that while he was in good standing in the association he was entitled to participate in the benefit fund to an amount not to exceed $1,000, which should be paid at his death to Emma R. Kuyat, related to him as his wife, subject to all the conditions of the constitution and laws of the association, etc. This policy was delivered to Mrs. Kuyat, who retained it in her possession, and no demand had ever been made for its surrender. She paid all the assessments except two, and claimed that she furnished the money with which those two payments were made; but this was a disputed question.

Shortly after their marriage, Mr. and Mrs. Kuyat moved to Moline, Ill., and later they went to Texas. He was an invalid, afflicted with tuberculosis, and he had been "a hard drinking man." While living in Texas, he seems to have had some trouble with his wife growing out of his habits, and he desired to return to Michigan. To that end he wrote, in February, 1913, to his sister, Sophia Kenzie, for assistance. Mrs. Kenzie and her husband sent him a railroad ticket and some money, which enabled him to go to them at Pontiac, where they then resided. He arrived there in a needy condition. He lived with this sister and family some months, during which time they cared for him and furnished him with medicines, medical attendance, and clothes. In April, 1913, Mr. Kuyat expressed a

desire to change his benefit certificate or policy so as to make it payable $750 to his wife, and $250 to his sister, Sophia Kenzie. At his request an application for such change was made out and sent to the association at Grand Rapids, but because of some mistake it was returned. Mr. Kuyat then asked his sister, Mrs. Kenzie, to make out another application. In his presence, and at his request, she made it out and signed his name to it. A new certificate was, on April 7, 1913, issued to Mr. Kuyat, who, on receiving it, immediately wrote his name on the bottom of it, as required by the rules of the association. It contained the provisions as last above indicated, viz., payable $750 to his wife, and $250 to said sister. There was evidence that Mrs. Kenzie personally paid two assessments upon this new certificate. About May or June, 1913, Mrs. Kuyat came to Michigan and joined her husband. He went to the sanatorium July 7, 1913, and died there February 6, 1914. Upon satisfactory proofs of death being made, and on April 15, 1914, plaintiff paid to the wife, Emma R. Kuyat, in accordance with the terms of said new certificate, the sum of $750; but the remaining sum of $250, being claimed by both the wife and sister, has not been paid to either of them, but the bill of interpleader was filed. The certificates bore different numbers, but the receipts issued by the plaintiff to both Mrs. Kuyat and Mrs. Kenzie contained no number of policy. While Mrs. Kenzie and her husband were continuing to care for Mr. Kuyat, Mrs. Kuyat continued to make payment of the assessments. She testified to having, at Mr. Kuyat's request, inquired at the local agency of plaintiff whether there was any change or attempted change in the certificate or policy, and that on August 4, 1913, she received a postal card from the local treasurer that the assessments she was paying were on the certificate of October, 1911. It appeared that this information was a mistake, and

the plaintiff claimed that it had nothing to do with sending the postal card. There was testimony to the effect that Mr. Kuyat stated, both before and after he went to the sanatorium, that he should see that his sister got some of the insurance.

The constitution of the plaintiff association provides a means and method of changing a beneficiary in the following language:

"Lost certificates and new certificates may be issued at any time in place of the lost one, or for change of beneficiary, upon the signing of a waiver of the original certificate, and paying a certificate fee of 50 cents."

The application bearing the name of Mr. Kuyat, and received by the plaintiff, was as follows:

"Form 72. Waiver of Former Certificate.
"I hereby waive all claims for myself and beneficiaries under New Era certificate No. (do not know) issued to me (do not know 191). Said certificate is in my wife's possession. I desire a new one issued for one thousand dollars in favor of Mrs. Emma Kuyat, relationship wife $750. Mrs. Sophie Kenzie, relationship sister $250.
"Date at 22 W. Fort St., Pontiac on the second day of April, 1913.
                    [Signed]    FLORIAN KUYAT, Member.
     "Witness: ————————————."

Upon the hearing at the circuit, the court found that the last certificate was in full force and effect at the date of the death of said Florian A. Kuyat, and awarded and decreed the $250 in controversy to the sister, Sophia Kenzie.

The defendant Emma R. Kuyat has appealed. In this court it was her claim:

(1) That Mr. Kuyat could not secure a new policy in the place of the old one without the consent of his wife, the beneficiary.
(2) That the association is estopped from disputing the validity of the first policy.

(3) That there was no valid request in writing from Mr. Kuyat to issue a new policy.

1. We are of the opinion that it is well settled by the decisions of this court that, under the circumstances appearing in this case, the insured has the right, during his lifetime, without the consent of the beneficiary, to change the beneficiary under his policy; that the first beneficiary has no vested right in such policy; and that the association is not required to notify a beneficiary of such change. *Grand Lodge A. O. U. W.* v. *Child,* 70 Mich. 163 (38 N. W. 1) ; *Union Mutual Ass'n* v. *Montgomery,* 70 Mich. 587 (38 N. W. 588, 14 Am. St. Rep. 519) ; *Allgemeiner Arbeiter Bund* v. *Adamson,* 132 Mich. 86 (92 N. W. 786) ; *Grand Lodge A. O. U. W.* v. *Brown,* 160 Mich. 437 (125 N. W. 400) ; *Ladies of Modern Maccabees* v. *Daley,* 166 Mich. 542 (131 N. W. 1127) ; *Schiller-Bund* v. *Knack,* 184 Mich. 95, 104 (150 N. W. 337). In the last-cited case we said:

"We must recognize the rule which has been frequently announced by this court that the by-law of a society permitting the changing of a beneficiary is a reasonable regulation of the member to exercise the power of appointment whenever and so often as he pleases."

2. Upon the subject of estoppel, it is sufficient to say that there is no evidence that Mrs. Kuyat was in any way influenced or injured by the representation or statement contained in the postal card, even if it was sent by authority of the plaintiff. There is no estoppel under such circumstances. *Sheffield Car Co.* v. *Hydraulic Co.,* 171 Mich. 423, 450 (137 N. W. 305, Am. & Eng. Ann. Cas. 1914B, 984).

3. The plaintiff admits its liability to pay the $250 in question. It is not conceded that appellant can raise the question of the validity of the change of beneficiary, but it is claimed that the plaintiff only could

raise the question, under the authorities already cited.

However, it is undisputed that, upon receiving the new certificate, Mr. Kuyat personally signed his name on the bottom thereof, thereby agreeing to its terms and ratifying the change. Upon the whole record, we are satisfied that the trial court made a proper disposition of the case, and the decree below is affirmed, with costs to appellee from appellant.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.