ROYAL UNION MUT. LIFE INS. CO. v. LLOYD (two cases).*

(Circuit Court of Appeals, Eighth Circuit. November 20, 1918.)

Nos. 5100, 5102.

1. INSURANCE ⬤═➤587—LIFE POLICY—DELIVERY.
   A husband's delivery to his wife of a life policy *held* not a surrender of his right to revoke the designation of the wife as beneficiary, and so to preclude the insurer from giving effect to a change of beneficiary by the husband.

2. INSURANCE ⬤═➤587—LIFE POLICY—CHANGE OF BENEFICIARY.
   The right to change a beneficiary, if reserved in a life policy, is equally available to the insured as it is in case of a certificate issued by a fraternal benefit association.

3. INSURANCE ⬤═➤587—LIFE POLICY—CHANGE OF BENEFICIARY.
   A provision in a life policy allowing the insured to change the beneficiary, which required return of the original policy, so that an indorsement of the change might be indorsed thereon, is for the benefit of the insurer, and the original beneficiary cannot complain that the insurer, on the representation that the policy had been lost, issued a new policy, in which, at the request of the insured, the beneficiary was changed, though the original policy was in the possession of the first beneficiary.

4. APPEAL AND ERROR ⬤═➤184—OBJECTIONS—NECESSITY.
   Where plaintiff in an action on a life policy made no objection to the trial on the equity side of the court of defenses based on the ground that the policy should be canceled, because a new one, naming a new beneficiary, had been issued at the request of the insured, *held*, that the case was not so wholly without color of equitable jurisdiction that it can be dismissed on appeal.

Appeal from and in Error to the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Action by Anzonetta M. Lloyd against the Royal Union Mutual Life Insurance Company, in which the parties stipulated certain issues should be transferred to the equity side of the court. There was a judgment and decree for the plaintiff (245 Fed. 162), and defendant appeals and brings error. Judgment reversed, and decree reversed, with direction.

F. J. Dawley, of Cedar Rapids, Iowa (Dawley & Jordan, of Cedar Rapids, Iowa, N. M. Hubbard, Jr., of Des Moines, Iowa, and F. F. Dawley, of Cedar Rapids, Iowa, on the brief), for appellant and plaintiff in error.

E. A. Fordyce, of Cedar Rapids, Iowa (Leslie H. Whipp, of Chicago, Ill., on the brief), for appellee and defendant in error.

Before HOOK and STONE, Circuit Judges, and MUNGER, District Judge.

---

⬤═➤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied February 22, 1919.

MUNGER, District Judge. The appellee and defendant in error, hereafter called plaintiff, brought an action at law against appellant and plaintiff in error, hereafter called the company, upon a policy of life insurance issued by it upon the life of plaintiff's husband. By the terms of the policy she was named as beneficiary, subject to a right of revocation of such designation. She alleged that her husband had transferred the policy to her as her own property and that she had ever since held it. The company's answer denied the transfer, denied notice of any claimed transfer, and alleged that the insured had filed an affidavit with it showing the loss of the original policy, and an application for the issuance of a duplicate policy; that such duplicate policy was issued, and that the insured had then made a written request to have his mother substituted as beneficiary in place of plaintiff, and that this change was made and indorsed on the policy; that after the death of insured his mother had entered suit against the company and had obtained judgment for the full amount of the policy. The answer concluded with a prayer that the assignment and transfer of the policy be canceled and that plaintiff be required to surrender for cancellation the policy held by her. The reply denied that plaintiff had any knowledge of the application for change of beneficiary, or of the issuance of a duplicate policy or of the indorsement of a change of beneficiary thereon. The parties entered into a stipulation that the case should be transferred to the equity side of the court and the court made an order that the issues presented by a part of the answer and the reply thereto, relating to the change of beneficiary and praying for cancellation and surrender of the policy held by plaintiff should first be tried as a suit in equity, and that after the determination of that issue, the issues made by plaintiff's petition and the remainder of the answer and reply should be tried as an action at law. See section 274b, Judicial Code, Act March 3, 1915, c. 90, 38 Stat. 956 (Comp. St. 1916, § 1251b).

The court heard the testimony and entered a decree in the case that the portion of defendant's answer which prayed equitable relief should be dismissed for want of equity, and on the same testimony and in the same case entered judgment for plaintiff for the amount of the policy and costs. An appeal and writ of error were allowed on application of the company, and both have been submitted on one record.

The chief question presented by the appeal is whether the decree is justified by the evidence. There is no serious dispute as to the essential facts. The plaintiff and insured were married in September, 1911. They lived together until in August, 1915, when they separated, and plaintiff obtained a divorce in November following. He died in December, 1915. When they were married, each had a fair income; the plaintiff's income from her separate estate amounting to about $5,000 a year. In the December following the marriage, plaintiff's husband said to her that, as she had a separate estate, it would be no more than fair that she should pay one-half of the household and living expenses and all of her personal expenses, and that, in return, "he would make out his will in her favor and a life insurance

policy," but did not state for what amount the policy should be. He also stated that, if he took out a policy, "it would not be any more than right that she should pay the premium on that, if he made it in favor of her." She agreed to this arrangement. Her husband stated that, as long as she kept up the premium, the policy would continue in her name, in her favor. Several months afterward her husband told her that he had a policy for her, and then delivered the policy to her. She examined it sufficiently to see what its general nature was, and then at once placed it in her safety deposit box at the local bank, and kept possession of it until after her husband's death. The premiums were paid annually to the company by her husband, but she reimbursed him for the amounts so advanced, in settlements made soon after he had made the payments. The plaintiff had no knowledge of her husband's application for a change of beneficiary, and the company had no knowledge that the original policy was in existence when the change of beneficiaries was made, nor did it know of any agreement or understanding between plaintiff and her husband relating to the insurance.

The company is an Iowa insurance corporation, and the policy was issued in Iowa. By its terms the company agreed to pay $5,000, in case of the death of the insured, to plaintiff, if living, with right of revocation. Among the conditions of the policy were the following:

"If the right of revocation has been reserved, or in case of the death of the designated beneficiary, the insured may at any time while the policy is in force, and subject to any existing assignment of the policy, designate a new beneficiary (with or without the right of revocation) by filing written request therefor at the home office, together with this policy; such change to take effect on the indorsement thereof on the policy by the company."

"No assignment hereof shall be binding upon the company unless a duplicate original thereof shall have been filed at the home office. Assignment blanks will be furnished upon application."

The application for a change of beneficiary was made by the insured in January, 1915, by written application and affidavit sent to the company, and the indorsement of the change of beneficiary from the wife to the mother of the insured was made in the same month on the duplicate policy which the company had issued to the insured, and this policy, so indorsed, was kept by the insured until his death.

[1] Was the attempted change of beneficiaries effective to bind the company in an action upon the first policy? By the terms of the policy a change of beneficiaries was subject to any existing assignment of the policy, but the policy also required that a copy of the assignment should be filed at the company's home office in order to bind the company. Appellee's brief denies that the transaction between plaintiff and her husband constituted an assignment of the policy, and claims that they amounted to a surrender to plaintiff of the right of the insured to revoke the designation of plaintiff as the beneficiary. As the understanding between them was that the policy should continue in her favor so long as she paid the premiums, the reservation of some right to change the beneficiary was not in violation of it. Whether this reserved right was or was not capable

of assignment, the facts in this case do not show any assignment of the policy. The delivery of the policy to the plaintiff was not accompanied by any expression of intention to transfer to her any reserved interest of the insured, and was significant only of a grant of custodianship of the policy.

[2, 3] The remaining question is whether a change of beneficiaries could be made without the surrender of the original policy to the company. It is the contention of plaintiff that this requirement was for her benefit and that the company therefore could not waive it. Since this case was submitted the controlling principles to be applied in a situation of this kind have been declared by the Supreme Court of the United States in the case of Supreme Council of the Royal Arcanum v. Behrend, 247 U. S. 394, 38 Sup. Ct. 522, 62 L. Ed. 1182. It is there determined that the naming of a certain person as a beneficiary in the benefit certificate of a fraternal benefit association confers no vested right, but a mere expectancy which may be defeated at any time by the act of the insured member; that where the certificate promises payments to the beneficiary provided the certificate has not been surrendered and another certificate issued at the request of insured in accordance with the laws of the order, the requirement for a return of the policy is for the protection of the society, and if complied with to its satisfaction, or waived by it during the lifetime of the insured, it cannot be used to support the claim of the former beneficiary.

But the right to change a beneficiary, if reserved in the policy, is equally available to the insured under an ordinary policy of life insurance as it is in case of a certificate issued by a fraternal benefit association. Mutual Benefit Life Ins. Co. v. Swett, 222 Fed. 200, 137 C. C. A. 640, Ann. Cas. 1917B, 298; Hopkins v. Northwestern Life Assur. Co., 99 Fed. 199, 40 C. C. A. 1; Townsend v. Fidelity & Casualty Co., 163 Iowa, 713, 144 N. W. 574, L. R. A. 1915A, 109; May on Ins. § 398m; Joyce on Ins. §§ 740, 741.

The provision for a return to the company of the original policy, so that an indorsement of change of beneficiary may be made thereon, is one for the protection of the company, and not for the protection of the original beneficiary, and whether the policy is an ordinary life policy, or the certificate of a fraternal beneficiary association, if a new policy has been issued in the lifetime of the insured, at his request the original beneficiary will not be heard to complain that the original policy was not returned. Mutual Benefit Life Insurance Co. v. Swett, supra; Lamb v. Mutual Reserve Fund Life Ass'n (C. C.) 106 Fed. 637; Mutual Life Ins. Co. v. Lowther, 22 Colo. App. 622, 126 Pac. 882; John Hancock Mut. Life Ins. Co. v. Bedford, 36 R. I. 116, 89 Atl. 154; Navassa Guano Co. v. Cockfield (D. C.) 244 Fed. 222; Simcoke v. Grand Lodge A. O. U. W., 84 Iowa, 383, 51 N. W. 8, 15 L. R. A. 114; Wandell v. Mystic Toilers, 130 Iowa, 639, 105 N. W. 448; Allgemeiner Arbeiter Bund v. Adamson, 132 Mich. 86, 92 N. W. 786; Marsh v. Supreme Council American Legion of Honor, 149 Mass. 512, 21 N. E. 1070, 4 L. R. A. 382.

A number of cases have been cited by appellee in which it was held that the original beneficiary was entitled to recover when a change of beneficiaries had been attempted, but in these cases the company or society had not accepted the application for a change of beneficiary and acted upon it by the proper entry or indorsement of the change during the lifetime of the insured, and hence the question of waiver was not involved. In this case the company indorsed the change of beneficiaries on the policy, without knowledge of any claim by the plaintiff of an understanding with her husband that she was to remain the beneficiary while she kept the premiums paid. As stated in the case of Supreme Council of Royal Arcanum v. Behrend, supra, the remedy to enforce any contract of that kind is not to be applied in a suit on the policy between the original beneficiary and the company.

[4] Some objection is made in the brief of appellee that the defense urged by appellant should have been made in the action at law. No objection to the trial of the issues as a suit in equity was made in the court below, and the case is not so wholly without color of equitable jurisdiction that this court should now dismiss the suit on that ground. Fay v. Hill, 249 Fed. 415, —— C. C. A. ——; Audit Co. of New York v. City of Louisville, 185 Fed. 349, 107 C. C. A. 467; Babcock & Wilcox v. American Surety Co., 236 Fed. 340, 149 C. C. A. 472.

It follows, from what has been said, that the decree of the trial court should have canceled the policy in question as an obligation of the company, and should not have rendered judgment thereon in favor of defendant in error.

The judgment in No. 5100, the proceeding in error, will be reversed, with costs, and the decree in No. 5102, the proceeding on appeal, will be reversed, with direction to enter a decree in conformity with the views expressed herein.