### JONES *v.* WAYNE CIRCUIT JUDGE.

1. CONTEMPT—PAYMENT OF AMOUNT FIXED IN SURETY BOND MAY NOT BE ENFORCED BY CONTEMPT PROCEEDINGS.

   The payment of the obligation fixed in a bond signed by sureties to secure the payment of money into court by an attorney on order of the circuit court may not be enforced by contempt proceedings under 3 Comp. Laws 1915, § 12268, subd. 5, since it may be enforced by an action brought to recover the penalty prescribed, and execution follow the entry of judgment therein.[1]

2. SAME—JURISDICTION—WAIVER.

   Where the circuit court was without jurisdiction to make an order adjudging a surety on a bond guilty of contempt for failing to comply with the court's order to pay into court the amount of the obligation fixed therein, the surety did not waive his right to attack the validity of said order by executing a bond to obtain his release.[2]

[1]Contempt, 13 C. J. § 13; [2]Id., 13 C. J. § 14 (Anno).

Mandamus by Sidney H. Jones to compel Adolph F. Marschner, circuit judge of Wayne county, to set aside an order of attachment in contempt proceedings. Submitted August 24, 1926. (Calendar No. 32,691.) Writ granted October 4, 1926.

*Benjamin F. Dunning* (*Grayce W. Murphy*, of counsel), for plaintiff.

*Bratton & Bratton*, for defendant.

SHARPE, J.  William H. Hinton, an attorney, had collected certain moneys for the Ebenezer A. M. E. Church in Detroit.  A bill of complaint was filed by Isaac N. Hadley and others, praying for an injunction restraining the payment of such moneys to the trustees of the church.  An answer and cross-bill were filed. On motion an order was made directing Hinton to pay the moneys in his hands ($3,562.72) to the register of the court.  This order was not complied with, and proceedings were taken to adjudge him guilty of contempt of court.  He was brought before the court on an attachment and paid to the register $1,650.  He tendered to the court a bond, with Gabriel Davis and plaintiff as sureties, to secure the payment of the balance, and was discharged.  There was default in the payment of the sums secured by the bond.  A petition was thereupon filed, setting forth that Hinton had absconded, and praying that the sureties on the bond be directed to pay the amount secured thereby into court.  A hearing on this motion resulted in an order that the sureties do forthwith pay the amount secured by the bond to the trustees of the building fund of the church or to the register of the court.  One of the sureties, Gabriel Davis, paid to the trustees one-half of the amount.  A petition was then filed and an order issued against plaintiff, the other surety, directing him to appear and "show cause why he should

not be dealt with for contempt for having failed and refused to comply with the said orders of the court." On hearing, plaintiff was adjudged guilty of contempt of court, and an attachment was ordered to be issued. Under it he was brought before the court and secured his release by furnishing a bond in the sum of $1,200, conditioned for the payment to the clerk of the court of the balance of the sum due by Hinton.   Soon after his release, plaintiff filed a motion to set aside the order under which the attachment issued.   This was denied.  · He thereupon petitioned this court for a writ of mandamus to compel the setting aside of the order. An order to show cause was granted, to which the defendant has made return.

In the bond entered into, Hinton obligated himself to pay the sum of $1,722.85 at the times stated to the persons named as obligees therein, and Davis and Jones obligated themselves as sureties to secure such payment by him.   On default in such payment, an action could have been brought thereon, judgment secured and collection had by execution.

The attempt to enforce payment by the contempt proceedings must rest upon the authority conferred on the court by section 12268, 3 Comp. Laws 1915.   The section and subsection applicable read as follows:

"SECTION 1.   Every court of record shall have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct, in the following cases, and no others.   *   *   *

"5.   Parties to suits, attorneys, counselors, and all other persons, for the nonpayment of any sum of money ordered by such court to be paid, in cases where by law execution cannot be awarded for the collection of such sum; the disobedience of or refusal to comply with any order of such court for the payment of alimony, either permanent or temporary, or costs made in any suit for divorce or separate maintenance; and any other disobedience to any lawful order, decree or process of such court."

The sureties on the bond were not parties to the litigation. Their act in executing it was in no way a submission to the jurisdiction of the court such as would authorize the court to make any order concerning them. Their liability was fixed by their obligation in the bond. It could be enforced only by an action brought to recover the penalty prescribed in it. Execution could follow the entry of a judgment against them. It is clear that such an obligation may not be enforced by contempt proceedings under this section. *Haines* v. *Haines*, 35 Mich. 138; *Swarthout* v. *Lucas*, 102 Mich. 492; *Ladies of the Modern Maccabees* v. *Daley*, 173 Mich. 577.

It is urged that, by executing the bond under which he obtained his release, the plaintiff has waived his right to attack the validity of the order adjudging him guilty of contempt. The court had no jurisdiction to make this order.

"Where this is the case, no waiver can cut off the rights of the party, or interfere with his right to complain." *Atwell* v. *Barnes*, 109 Mich. 10.

The writ will issue as prayed for in the petition. No costs will be allowed.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.