## FITZGERALD V. BURKE.

1. PLEADING INSUFFICIENT DEFENSES — REPLICATION UNNECESSARY. — A plea in an action on a written contract setting up a contemporaneous parol agreement inconsistent with the written contract is insufficient, and requires no replication.

2. SAME — DEFENSE OF RECOVERY AGAINST A JOINT OBLIGOR NO BAR WITHOUT ALLEGATION OF SATISFACTION OF JUDGMENT. — A plea that the contract sued on is joint and several, and that plaintiff has already recovered judgment against one of the joint and several obligors in another suit, but not alleging satisfaction of the judgment, is insufficient to constitute a defense.

3. NECESSARY PARTIES — WAIVER. — Objections for defect of parties must be raised either by demurrer or answer, and if not so raised they are waived.

### Appeal from Pitkin County Court.

ACTION upon written contract for sinking shaft upon mining property belonging to the defendant and others. The complaint alleges the making of the contract, which is given in full in the opinion of the court; and it is further alleged that plaintiff completed the shaft as per contract on the 31st day of August, 1885, at which time he claims there was due him from the defendant as his proportion the sum of $332, of which amount no part has been paid except the sum of $90. Prayer for a judgment, and lien for the balance.

The appellant in his answer admits the ownership of the mining claim, as alleged in the amended complaint, and that he is the owner of an undivided one-fifth interest in said lode. He also admits that on July 31, 1885, each of the persons named entered into a contract in writing with plaintiff, and delivered the same to him, but says, as to the exact nature and terms of said contract, this defendant has no knowledge or information upon which to base a belief; that he is ignorant of the terms of said contract, and craves oyer of the same.

All other allegations of the complaint are put in issue by this answer. And for a further answer appellant sets

up a contemporaneous oral agreement, and for a still further and separate answer says "that the plaintiff ought not to have the recovery of anything in this action, nor further prosecute this suit, for the reason that the contract sued on in this case is a joint and several contract of all parties named as owners of said Franklin lode, and that plaintiff has already sued one of the joint and several obligors named in said contract in this court, and has recovered judgment for the violation of said contract; such judgment being rendered in a certain suit lately pending in this court wherein James Burke is plaintiff and J. E. Eames is defendant."

Afterwards appellee moved to strike out appellant's second and third defenses, which motion the court overruled; and, appellee failing to reply to these defenses, a default was entered against him, but the court refused appellant's motion to enter judgment in his favor upon the pleadings. In this state of the pleadings the parties went to trial before the court without a jury. Appellee introduced witnesses in support of his complaint, but no testimony was offered by appellant. The trial resulted in a judgment for the plaintiff in the sum of $264.65, and decree for a lien. The defendant, having reserved his exceptions, brings the case here for review upon appeal.

Messrs. DOWNING & FRANKLIN, for appellant.

Messrs. J. E. ROCKWELL and F. G. SALMON, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

The first two assignments of error are predicated upon exceptions taken to the rulings of the court anterior to the filing of the amended complaint. These assignments have not been alluded to in the argument filed upon appeal, and we need not further consider them. The amended complaint superseded the original, and upon

this pleading, with the answer thereto, appellant, at the trial, moved for judgment, which motion was overruled by the court, and the ruling is made the basis of the third assignment of error; the contention of the appellant being that, as no replication was filed either to the second or third defenses, the new matter alleged in those defenses must be taken as true, and that the defendant was entitled to a judgment upon the facts so admitted. We are clearly of the opinion, however, that the matters pleaded in such defenses did not constitute a defense to the action.

The second defense is clearly insufficient. In this defense the execution of the written contract is admitted in this language: "At the time of the execution of the contract set up in the complaint the plaintiff and defendant agreed," etc. And this is followed by the statement of an alleged contemporaneous parol agreement, wholly inconsistent with the written contract. This constituted no defense to the action. The principle is elementary that the terms of a valid written instrument cannot be varied or contradicted by a contemporaneous oral agreement. 1 Add. Cont. *199; Whart. Ev. § 920.

The third defense was no better. It admits that the contract sued upon is a joint and several contract. It is expressly so made by statute. Upon such a contract the plaintiff could sue all parties jointly, or each or all of the parties severally, for the whole amount due, and a recovery against one without satisfaction would be no bar to a suit against the others. To constitute a bar it must be shown that the judgment had been fully satisfied, and a plea stopping short of this is not good. Therefore, the court below committed no error in refusing to enter judgment upon these pleas. Freem. Judgm. § 235; *Hix v. Davis,* 68 N. C. 233; *McReady v. Rogers,* 1 Neb. 124; *Elliot v. Porter,* 5 Dana, 299; *Harlan v. Berry,* 4 G. Greene, 212.

By the fourth assignment of error the ruling of the

court upon the defendant's motion to dismiss the case after plaintiff's testimony was introduced is questioned. The motion was based upon the assumption that the plaintiff could not alone maintain the action, but that the witness John Burke should have been joined as a co-plaintiff, because the testimony showed that said Burke had an interest in the contract. The nature of such interest is not shown. Burke did not sign the contract, and was not a party to it, but became interested in the work with the plaintiff some time after the execution of the written contract. He is not shown to have been a necessary party to the action. Aside from this, it was too late to raise this question at the trial. A defect of parties must be raised either by demurrer or answer, and if not so raised it is waived. Secs. 55, 59, 60, Code 1883; *Great West Min. Co. v. Woodmas of Alston Min. Co.* 12 Colo. 46; *Crouch v. Parker,* 56 N. Y. 597; *Lewis v. Greider,* 51 N. Y. 231.

The fifth and sixth assignments of error relate to the admission of the written contract in evidence and the admission of oral testimony to show that the liability of the parties thereto was several instead of joint and several, and these may be considered together. The written contract is marked " Exhibit A," and is as follows:

" Witness this agreement, made and entered this 31st day of July, between John Canning, James Fitzgerald, Thomas Hynes, John Eames, Wm. Doeltz, H. H. Gilman, Thomas J. Duncan, Frank X. O'Brien, parties of the first part, and James Burke, party of the second part. Parties of the first part, being the owners of the Franklin mining claim on Aspen mountain, undertake and agree to pay to the party of the second part twenty dollars ($20) per foot to sink said Franklin shaft to a depth of four hundred feet, said shaft being down at the present time to a depth of three hundred and seventeen feet.

" And the second party agrees to sink the same, and

also to timber and partition said shaft to said depth, in a good, workmanlike manner; also, to have said shaft perpendicular; parties of the first part to furnish lumber for lining said shaft. And the party of the second part further agrees to carry down said shaft the dimensions that it now is. And the parties of the first part agree to pay to the party of the second part on completion of the first fifty feet seventy-five per cent. of the same, retaining twenty-five per cent. until the completion of this contract; and it is expressly understood and agreed between the parties of the first part and the party of the second part that the latter party will hire two competent engineers to take charge of and run the engine that is now in said Franklin mine. .

"And it is further agreed between both parties that the party of the second part shall continue to work three shifts until said contract is finished. JAMES BURKE. PATRICK FITZGERALD. JOHN C. EAMES, 1-5. Witnessed: ANNA H. CANNING, 1-10. [Seal.] By JOHN K. CANNING. JAMES FITZGERALD, 1-5. [Seal.] H. H. GILMAN. [Seal.] By CHARLES BURNS, 1-10. THOMAS J. DUNCAN. [Seal.]. By CHARLES BURNS, 1-10. [Seal.] FRANK X. O'BRIEN. By CHARLES BURNS, 1-5. [Seal.] THOMAS HYNES, 1-20.. WILLIAM F. DOELTZ, 1-20."

The assignment of error based upon the admission of the instrument has not been pressed in this court. If it had been, it could not have availed, as the authority of Canning and Burns to execute the contract for and on behalf of the parties for whom they claimed the right to act at the time having been shown, and also the due execution and delivery of the contract, the instrument was properly admitted in evidence.

It is shown by undisputed evidence that at the time of the institution of this suit there was due the plaintiff upon the contract an amount equal to the amount for which judgment was obtained below, the only question being as to whether one or all the defendants were lia-

ble for this amount. We have seen, however, that under the statute the parties denominated in the contract "parties of the first part" are both jointly and severally liable for the full sum due under the contract, and being so severally liable, plaintiff was entitled to a judgment against Fitzgerald for the entire amount.

Permitting appellant to introduce evidence tending to show that the figures appearing after the names of the parties were appended for the purpose of showing the interest which each held in the mining claim, and to limit the liability of each accordingly, if error, was entirely harmless. If plaintiff succeeded upon the proof, then the defendant was liable for one-fifth of the contract price; if he failed, the defendant, as one of several jointly and severally liable, was liable for the entire amount due the plaintiff upon the contract, which was still but one-fifth of the total amount earned by plaintiff, as the remaining four-fifths had been paid him prior to suit. The same result would follow in either case. Appellant could not, therefore, have been prejudiced by the evidence.

The seventh assignment of error has not been argued by counsel. It is in relation to the admissibility of certain evidence, which is not set forth in the printed abstract, as required by the act of 1885, under which the appeal was taken. It will not, therefore, be considered. *Halsey v. Darling*, 13 Colo. 1.

By the eighth and last assignment it is claimed that the court erred in rendering judgment for the plaintiff. The views already expressed show that the plaintiff was entitled to recover. The judgment is accordingly affirmed.

*Affirmed.*