MELSHEIMER ET AL. v. HOMMEL.

1. APPEAL — WAIVER OF DEFECT OF PARTIES BY FAILURE TO OBJECT BELOW.— Where no question as to a defect of parties defendant is made in the court below, the point will not be considered on appeal under Code, sections 55, 59, 60, providing that such question shall be raised by demurrer or answer, and that, if not so raised, the objection will be deemed to have been waived.

2. EXECUTION OF FIRM NOTE BY ONE PARTNER — VARIANCE IN NAME OF FIRM.— Where, in an action on a note executed by one partner in the name of the firm, it appears that the other subsequently recognized it as a firm obligation, and paid interest on it, it is immaterial that the partner executing signed the firm name as "Max Melsheimer & Co.," when in fact it was "Melsheimer & Co."

*Appeal from District Court of Arapahoe County.*

SUIT upon promissory note. Appellee, Frank A. Hommel, as plaintiff below, alleges in his complaint that, at the time of the execution and delivery of the note, appellant Max Melsheimer, and one John H. Anderson, constituted and were doing business under the firm name and style of

Max Melsheimer & Co.; that as such firm, on August 2, 1881, they made, executed and delivered to the plaintiff their certain promissory note in words and figures as follows, to .wit:

"$500.00.                   DENVER, August 2, 1881.

" Thirty days after date, we promise to pay, to the order of F. Hommel, five hundred and 00–100 dollars at one and one-quarter per cent. per month until paid. Value received.

" MAX MELSHEIMER & Co.<br>" JOHN H. ANDERSON."

. The plaintiff further alleges that interest upon this note had been paid upon the 2d day of May, 1884, but that nothing had been paid upon the principal sum, and that the same, with interest from May 2, 1884, was due, and unpaid.

The first defense may be treated as a specific denial of each allegation of the complaint. In his second defense, appellant admitted that at about the date of the note he was in partnership with the John H. Anderson mentioned in the complaint, under the firm name of Melsheimer & Co.; denies that he signed the note, or authorized Anderson to sign it for him; denies that the note is signed "Max Melsheimer & Co.," and alleges that it was signed "Max Melsheimer;" denies that he received any part of the proceeds of said note, and alleges that the proceeds were not used in the firm business, but that Anderson received and misappropriated.the money. Hommel, in the replication, denies the new matter set up in the answer.

Upon the issues thus made, a trial was had to a jury, which resulted in a verdict for plaintiff, Hommel. Defendant Melsheimer moved for a new trial on the ground that the verdict was contrary to the evidence, which motion was overruled and judgment entered for the plaintiff, and thereupon the defendant Melsheimer appealed to this court.

Messrs. OSCAR REUTER and ULLERY & MORGAN, for appellants.

Messrs. HARMAN & COVER, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

No question as to a defect of parties defendant was raised in the court below, and consequently this question will not be considered upon appeal.   Civil Code 1883, §§ 55, 59, 60; *Great West. Min. Co. v. Woodmas of A. Min. Co.* 12 Colo. 46.

The jury seems to have been fully and fairly instructed upon the law of the case. In fact, it is not claimed that the trial court committed any error in this regard. The only errors relied upon relate to the sufficiency of the evidence to support the verdict. The plaintiff, Hommel, is an old man of foreign birth, and unused to our language. He was nearly eighty years of age at the time of the trial, and although in his long examination the answers at times became confused, and even contradictory, this should occasion no surprise, particularly, as several years had elapsed since the occurrence of the events about which he was called upon to testify. The weight to be given to this and other evidence was a matter exclusively for the jury to determine. The salient points in the case were fully covered by other witnesses introduced on behalf of plaintiff.

It is contended by counsel that the note is not a firm obligation, because it is signed " Max Melsheimer & Co.," and not "Melsheimer & Co.;" the latter, it is claimed, being the name adopted by the firm, and under which its business was usually transacted. The evidence for the plaintiff is to the effect that the money was advanced upon the credit of the firm; that Anderson, in signing the name Max Melsheimer & Co., intended to bind the firm by so doing, and that this was within the scope of his authority; that the proceeds of the note were used in the firm business; that defendant Melsheimer was informed of the existence of the note soon after it was executed, and with this information he then said to plaintiff, " You needn't be afraid, you get your money; " that afterwards he recognized the note as a valid obligation of the firm, and paid interest upon it eight or ten times.   Opposed to this evidence is the testimony of

the defendant alone. The verdict is for the plaintiff generally.

Under the circumstances it is entirely unimportant as to whether the name of the copartnership was in fact Melsheimer & Co., as claimed by the defendant, or Max Melsheimer & Co., the name appearing upon the note. The evidence is amply sufficient to support the verdict in either event. The judgment must therefore be affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT took no part in the consideration of this cause.