## POUNDSTONE ET AL. v. HOLT.

1. APPELLATE PRACTICE—BILL OF EXCEPTIONS.

A bill of exceptions which fails to state that it contains all of the evi-
dence does not present matters of fact so as to be considered by
the court.

2. PRACTICE IN CIVIL ACTIONS—PARTIES.·

Where there is a defect of parties plaintiff, the objection must be raised
in the court below by demurrer or answer, otherwise it will not be
considered upon review.

3. ATTACHMENT—CHATTEL MORTGAGES.

A writ of attachment against a mortgagor of chattels does not author-
ize the officer to take property from the possession of a mortgagee,
neither can the officer by such seizure reach any surplus that may
be coming to the mortgagor.   The statute prescribes the remedy an
attaching creditor must pursue to make the mortgagor's equity
available for the payment of his debt.

4. ASSIGNMENTS.

A transfer of all the debtor's property to secure the payment of par-
ticular debts does not constitute an assignment for the benefit of
creditors generally.

*Appeal from the District Court of Rio Grande County.*

Mr. IRA J. BLOOMFIELD, for appellants.

Mr. C. M. Corlett and Messrs. Rogers, Cuthbert & Ellis, for appellee.

Bissell, P. J., delivered the opinion of the court.

This suit is the outgrowth of the litigation which sprung up between the different creditors of Garrison & Howard. Part were secured by sundry mortgages which the firm executed at the time of their failure; and the remainder were omitted from the preferred list. Some facts, which are not properly before the court in this particular case, will be suggested in order to make the controversy and decision perfectly intelligible. The principal question raised has just been disposed of in an opinion announced by the court in the case of *The McCord Bragdon Grocer Co. v. The McNamara Dry Goods Co. et al., Intervenors, ante,* 60, decided at the present term of the court.

A motion was filed in the present case for leave to file the printed abstract in that one for the purpose of bringing before the court, to aid the determination of this suit, the evidence taken therein. At the time of the trial, the parties stipulated that the evidence in that case, in so far as it was material and relevant, might be used on the trial of the issue presented by the parties here. Presumably that evidence was considered by the court below, but the parties failed to preserve it in the present record in such a way that it is legitimately before the court for consideration. It is also true that the bill of exceptions, as filed in this case, is authenticated in a manner which prevents us from considering any matters of fact suggested in the briefs. The certificate fails to state that the bill of exceptions contains all the evidence introduced, and in fact, by express statement, excludes exhibits which were probably offered. A copy of the bill of exceptions in the *McCord Bragdon Case* was likewise not made a part of the present record, so that in these respects the court is very considerably hampered in the statement of its conclusions. In general, it may be said that in Janu-

ary, 1892, Garrison & Howard were merchants doing business in Garrison. In the latter part of the month they executed divers notes and mortgages and delivered them to sundry of their creditors, who immediately took possession of their stock of merchandise and of whatever other property the firm owned. · The appellee Holt was one of the number, and she evidently received a mortgage upon certain personal property of the value of about three hundred and fifty dollars. The property need not be specified. The security named the articles mortgaged, and according to the judgment possession was delivered to the mortgagee. Subsequently, the present appellants seized the property under a writ of attachment issued in a suit brought by Miles against the firm to recover a debt owed by the copartnership. The constable attempted to levy his process upon this particular property, took it into possession, and ultimately sold it, and the present action was brought to recover its value.

A good many questions are discussed by counsel, but the resolution of a few of them will serve to adjudicate the rights of the parties. The appellants contend that, according to the testimony in the record, the various mortgagees to whom Garrison & Howard had transferred their property turned their possession over to one Shotwell, as their agent, who held the property for the benefit of the various parties. Upon this simple circumstance, an argument is made that the mortgagees were jointly in possession and, therefore, without right individually to maintain actions for any interference with their possession. We are not required to solve the problem as to the effect of the appointment of a joint agent upon the individual rights of the mortgagees. If it be true, as we must assume for the purposes of this decision, that the mortgage to the appellee Holt was of this specific property, her rights as mortgagee were not at all affected by the circumstance that the property was holden for her by Shotwell, who was likewise the agent of other mortgagees and in possession of other parts of the property mortgaged. But in the present case this matter does not seem to be involved.

The mortgage covered specific property which was taken by the constable, and the right of action at once accrued to the mortgagee by reason of this interference with her possession. Whatever the facts may be in regard to the matter, or whatever the record may show, the question of parties is not before the court. It is well settled under our code that where there is a defect of parties, it is the duty of the complaining defendant to raise this question either by demurrer or by answer, and he is not permitted to rely upon the proof to support his attack. Not having pleaded it, he cannot now question the right of the appellee to maintain her suit. The status of the appellants as party plaintiff and officer taking the property has been entirely settled by the supreme court. *Metzler et al. v. James*, 12 Colo. 322; *Stevenson v. Lord*, 15 Colo. 131.

The remedy of the attachment or execution creditor, in relation to property covered by a mortgage, is well settled by those adjudications. The officer was without the right to take the property from the mortgagee, nor can he reach any surplus which may be coming to the mortgagor by such a seizure. If the attaching creditor imagines that the equity is of some value, the statute determines the course which he must pursue to make that surplus available for the payment of his debt. Failing in this remedy, he may not preserve his rights by a seizure of the property.

It is seriously contended by the appellants that those decisions are inapplicable and indecisive of the present suit because of the invalidity of the security in the present case. It is seriously urged that the mortgage is invalid because it, with the other securities, amounted to a transfer of all the debtors' property, and, therefore, became a general assignment under the statute, whereby all the creditors were entitled to share ratably in the distribution of the assets of the insolvent firm. If the testimony which had been taken in the other case had been preserved by a proper bill of exceptions in this, whereby all the facts necessary to a decision were properly before the court, this contention must have been determined against the

appellants. The result would have been unchanged even under those circumstances. We held in the case of *The McCord Bragdon Grocer Co.*, heretofore referred to, that the principle was inapplicable, that the transfers did not amount to an assignment, but that the mortgagees took their property freed from any consequences which would attach in a case of a general assignment under the statute. It would be a matter of supererogation to restate the reasons of the rule, or to reframe the argument by which it was supported. The situation of the present case does not require it, and no good purpose would be subserved by a reargument of the proposition. It is enough to say that there is nothing in the present record which compels us to reverse the case, and it will accordingly be affirmed.

*Affirmed.*