Maxwell, J.
This action is before us upon a writ of error to the county court of Otero county, where judgment was rendered against plaintiff in error, upon the verdict of a jury, on an appeal from a judgment of a justice court, against plaintiff in error’ and two others.
. The action was upon a joint and several promissory note.
Defense, statute of limitations.
To avoid the bar of the statute, plaintiff testified, that shortly prior to the commencement of the action Miller said to him, “We owe it and I will have to pay it.”
It is conceded that the reference is to the particular promissory note in suit. Miller denied having-made any such statement.
The jury found the issue in favor of plaintiff and we are bound by the verdict.
The law is well settled that a debt barred by the statute of limitations may be revived, first, by a new promise to pay the debt; second, that such new promise may either be express or implied; third, that an implied promise is created by a clear, explicit and unequivocal acknowledgment of the debt. — Adams v. Tucker, 6 Colo. App. 393-400; Thomas v. Carey, 26 Colo. 485-490.
*348 In Morrell v. Ferrier, 7 Colo. 22, Ferrier wrote a letter to Mrs. Morrell which, contained this language :
“I sold one of my farms some time ago and will have money coming in in February, when I expect to pay you all.’’
Commenting upon which the court said:
“The letter contained- an unequivocal acknowledgment of the indebtedness of defendant to plaintiff and a clearly implied promise to pay.”
The language under consideration here, is a more unequivocal, clear and explicit acknowledgment of the debt than that quoted from the Morrell case. The language here relied upon: “We owe it,” is such a clear, explicit and unequivocal acknowledgment of the debt as an existing obligation, that the law will imply therefrom a new promise to pay, and while the other language used, ‘1 And I will have to pay it, ’ ’ may not have the force and effect of an express promise, it certainly contains nothing negativing the presumption of an intention to pay.
It is said, that this language should have been stricken out and not allowed to go to the jury, as it was a mere casual and loose statement of Miller, made while trying to effect a compromise.
The record discloses that the parties had two interviews touching the matter. At the first, the amount due on the note, a computation of the amount due made by Miller, the pendency of a suit on the note, and other matters, were discussed. At this interview the acknowledgment of the debt was made. The' following da}r, the second interview took place, during which Miller made several propositions of settlement, none of which were accepted. Thus it appears that the acknowledgment was unconnected with and unaccompanied by any unaccepted proposition of settlement or compromise, and is therefore *349 ■without the rule, that offers of this kind are not competent evidence.
No error was committed in overruling the motion to strike out the testimony.
Error is assigned upon the nonjoinder of Charles Davis as a defendant in the county court, and proceeding to trial without his being summoned.
Davis and O. W. and S. C. Miller were the defendants in the justice court against whom judgment was rendered. The Millers prosecuted an appeal to the county court under the provisions of Mills ’ Ann. Stats., see. 2684.
Section 2685 Mills’ Ann. Stats, provides: that when an appeal is taken, by one of several parties, from the judgment of a justice of the peace, the clerk of the county court shall issue a summons against the other parties, notifying them of the appeal, and requiring them to appear and abide by and perform the judgment of the court in the premises; which summons is required to be served, as other process issued in appeal cases; and in case it is not served the cause shall stand continued at the first term, but shall be tried at the second term; and confers the power to render the same judgment as though all parties to the judgment had joined in the appeal.
The provisions of the above statute are for the protection of parties not joining in the appeal, to the extent, that no judgment can be rendered against them on appeal, at the first term of court, when summons has not been served and there is no appearance. To this extent the statute is mandatory.
No objection was made by plaintiff in error, previous to or during the trial, upon the ground here urged, it being presented for the first time in the motion for a new trial.
Under the code, a defect of parties must be raised by demurrer or answer, and if not so raised is *350 waived. — Mills ’ Ann. Code, sec. 55; Fitzgerald v. Burke, 14 Colo. 559-562; Melsheimer v. Hommel, 15 Colo. 475-477.
True, this case having originated in the justice court, there were no written pleadings, but, nevertheless, the principle is the same, and a failure to present this matter to the court by motion or otherwise in apt time must be held to be a waiver.
Wilson v. Welch, 8 Colo. App. 210, was an appeal to the county court from the judgment of a justice court against Wilson, one of the sureties on an appeal bond. Judge Thomson, speaking-for the court, said:
‘‘ The defendant appeared before the justice and moved to dismiss the cause because the other obligors were not made parties defendant. The justice denied the motion, and rendered judgment against the defendant, from which he appealed to the county court. Tn the latter court no action seems to have been taken on the motion and the record does not indicate what became of it. Upon trial in the county court the plaintiff had judgment, from which the defendant prosecutes this appeal. * * * The record does not show that the defendant insisted upon his motion; and by going to trial without previous ruling upon it, he waived it.”
McCampbell v. Cavis, 10 Colo. App. 242-247, was a trial in the county court upon an appeal from a justice court. This court said:
“It is provided by statute, which has been interpreted by numerous decisions of the supreme court, that where there is a misjoinder of parties plaintiff or defendant, and the party complaining does not make a timely objection, he cannot afterwards be heard to complain because of the misjoinder of parties. It is difficult to see why the same principle is not applicable to a ease which is brought before a justice of the peace and is afterwards prosecuted in *351 the county court, although there are no written pleadings. ’ ’
The plaintiff in error not having made timely objection to the defect of parties and stood upon it, must be held to have waived it.
Perceiving no error in the record, the judgment must be affirmed. Affirmed.