[No. 8010.]

## RUMSEY v. NEW YORK LIFE INSURANCE COMPANY.

1. LIFE INSURANCE—*Construction of the Policy* is to be made upon the policy as a whole. (73.)

Provisions for the change of the beneficiary are to be construed in the same manner. The provision that no change shall take effect until endorsed on the policy by the insurer, at the home office, is entitled to the same consideration as other provisions relating to the same matter. (73.)

2. PARTIES—*Indispensable.* Not only all persons whose rights ·may be affected, but all those whose presence is essential to the protection of any party to the action, must be brought in. The duty to secure their presence is upon plaintiff, and the non-residence of the absent party does not change the rule. The rights of the beneficiary in a life insurance policy cannot be determined adversely to such beneficiary, in an action to which he is not a party. (75-77.)

*Error to Denver District Court.* Hon. JAMES H. TELLER, Judge.

Mr. T. J. O'DONNELL, Mr. JOHN W. GRAHAM and Mr. CANTON O'DONNELL, for plaintiff in error.

Mr. CHARLES W. WATERMAN, Mr. WILLIAM A. JACKSON and Mr. JAMES H. MCINTOSH, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court.

This action was instituted by the plaintiff in error to recover $5,000 with interest, being the amount alleged to be due her upon an insurance policy issued by the defendant company upon the life of Samuel L. Rumsey, who departed this life at Los Angeles, California, on the 27th day of July, 1910, at which time it is alleged that the plaintiff in error was the beneficiary of this policy by virtue of a change in the beneficiary made on or about the 10th day of June, 1907. The answer, among other things, denies that any change of beneficiary had ever been made, and that the defendant is liable to a suit by the original beneficiary. Trial was to the court. At the close of the plaintiff's case a motion for non-suit was sustained.

The policy states it was issued upon the life of Samuel L. Rumsey, the insured, of Honolulu, etc., and was to take effect June 11th, 1903. The beneficiary therein named was Benson, Smith & Company, Limited, or its legal representatives. The clause pertaining to a change of beneficiary reads:

"The Insured, having reserved the right, may change the Beneficiary, or Beneficiaries, at any time during the

continuance of this Policy, by written notice to the Company at the Home Office, provided this Policy is not then assigned. The Insured may, at any time, by written notice to the Company at the Home Office, declare any Beneficiary then named to be an Absolute Beneficiary under this Policy. No designation, or change of Beneficiary, or declaration of an Absolute Beneficiary, shall take effect until endorsed on this Policy, by the Company at the Home Office. During the life-time of an Absolute Beneficiary the right to revoke or change the interest of that Beneficiary will not exist in the Insured. If any Beneficiary or Absolute Beneficiary dies before the Insured, the interest of such Beneficiary will become payable to the Executors, Administrators or Assigns of the Insured."

There also appears in or on the policy the following:

"REGISTER OF CHANGE OF BENEFICIARY. NOTE.—No notice of Change of Beneficiary or declaration of the Absolute Beneficiary shall take effect until endorsed on this Policy by the Company at the Home Office."

If we understand plaintiff's counsel correctly, they urge three reasons why a non-suit should not have been granted: First, because the evidence establishes that a change of beneficiary had been made substantially as the policy requires. An insurance policy, like any other written instrument, is to be considered as a whole. The parts concerning the change of beneficiary must be likewise thus considered. That portion which provides that no change shall take effect until endorsed on the policy, by the company, at the Home Office, is entitled to the same consideration as any other portion pertaining to such change. It stands admitted that no change of beneficiary was ever endorsed on this policy, by the company, at the Home Office, or elsewhere, and that it was never presented to the company at its Home Office, or elsewhere, for this purpose. It therefore follows that there had not been a change of beneficiary perfected and fully completed in the manner provided by the policy.

Second, it is claimed that a change of beneficiary had been made as provided in the policy, with the exception of its endorsement on the policy at the Home Office; that this requirement is solely for the protection of the company; that the company has waived it, hence, no former beneficiary or other person has any right to complain. Defendant's counsel challenge the correctness of the assumption that the clause in the policy providing that no change of beneficiary shall take effect until endorsed on the policy, by the company, at the Home Office, is inserted solely for the protection of the company, or that it can waive it without the consent of the then designated beneficiary, so as to affect the right of such beneficiary. They call our attention to the opinions of this court in *Johnson v. New York Life Co.,* 56 Colo. 178, 138 Pac. 414; *Finnell v. Franklin,* 55 Colo. 156, 134 Pac. 122, and *Rollins v. McHatton,* 16 Colo. 203, 27 Pac. 254, 25 Am. St. 260, in which they claim it is held, in substance, that the beneficiary of an insurance policy, which allows a change of beneficiary, has a contingent vested right in the policy, which is subject to be divested only in accordance with the provisions of the contract, for which reason, they urge, it being admitted that no endorsement of such change was ever made upon the policy, that even though it were held that the company had waived this provision, it would avail nothing as against the rights of the original beneficiary. They contend further that the proof does not sustain the assumption that the company ever waived this provision. If correct in their second contention, it is unnecessary to consider the first.

The evidence concerning the change of beneficiary and the alleged waiver by the company consists of the written instrument calling for the change and certain correspondence between counsel for the plaintiff, who was also counsel for the insured, and the insurance company. This correspondence extended over a period of about three years. It would accomplish no good purpose to insert it in an opinion.

A careful study of it leads to no other conclusion than that it fails to disclose any waiver by the company, but, to the contrary, it discloses that the company, at all times, insisted that this requirement be complied with. If the question of waiver involved the keeping of the policy alive upon account of the alleged tender and receipt by the company of the payment of one premium by counsel, it would then present an entirely different aspect and a large number of cases cited by plaintiff would be in point.

The third reason urged why the non-suit was wrong seeks to invoke the equitable rule of substitution. The difficulty with counsel's position in this respect is not in the rule which is generally recognized and frequently applied, but in its application under the record as here presented. It is urged that the insured in good faith attempted to secure the policy in order to have the change of beneficiary endorsed as provided therein, but was wrongfully denied possession by Benson, Smith & Company, and thereby prevented from so doing by circumstances over which he had no control, for which reason equity should step in and treat the substitution as complete. To sustain this contention we would have to hold that the policy had been wrongfully withheld from the insured by Benson, Smith & Company, and for that reason the substitution should be treated as complete. This includes a finding that in equity Benson, Smith & Company had ceased to be the beneficiary, and this without their being made a party to the action. It stands admitted by the pleadings that the policy is in their possession and that they were and are designated in it as the beneficiary. Under such circumstances we do not think that their equities in the matter, and their right as a beneficiary, can be determined under the equitable rule of substitution in an action to which they are not a party. This identical question was passed upon in *Mahr v. N. U. F. Insurance Society,* 127 N. Y. 452, 28 N. E. 391, where the plaintiff brought his action as the equitable owner of a fire insur-

ance policy. The company plead a defect of parties defendant in that Kelly, of Iowa, who had possession of the policy under an assignment, had not been joined. The court sustained this contention. The claim was made there, as here, that it was impossible to bring him into that court. In answer the court said: "The object of the action was to establish the equitable title of the plaintiff to the policy, etc. The company should not be required to pay the entire amount of the policy both to the plaintiff and to Kelly, or, without fault on its part, be placed in a position where it would run any reasonable risk of being compelled to make a double payment, etc. The general rule in equity requires that the persons interested in the subject of the action should be made parties, etc.; not only all persons whose rights may be affected by the judgment should be brought into court, but all those whose presence is essential to the protection of any party to the action, etc.; where there are conflicting claimants to the same obligation, each insisting upon it as exclusively his own, all should be made parties before the question of title is determined by a court of equity in favor of either against the one from whom the obligation is due. Otherwise payment or performance may be exacted as many times as there are separate claimants." We think this equitable rule is specially applicable here, for the reason that so far as the equities of the plaintiff are concerned, they depend upon the wrongful detention of the policy by Benson, Smith & Company. In this the insurance company can have no particular interest. It is not claimed that the policy was not in force at the time of the death of Mr. Rumsey. Ordinarily it is immaterial to an insurance company to whom the policy is paid, and such would appear to be the facts here, but they do have an interest in not being placed in a position where they might be required to pay the amount of the policy to both claimants where the rights of the plaintiff are equitable. It follows that the presence of Benson, Smith & Company is essential to the

protection of the insurance company. The plaintiff did not make them a party, and when the question was properly presented by answer she did not then ask that they be brought in as provided by the Code. The court did not, of its own motion, make such an order, evidently for the reason which appears to be conceded, that they were residents of Honolulu, and jurisdiction over them could not be secured except by their consent, and there is nothing to disclose that the plaintiff sought to secure it, but the fact of their being non-residents does not change the rule. As stated, in substance, in the New York case, *supra,* "the burden is on the plaintiff to secure the presence of such persons in the court of his selection," otherwise if he cannot do this, we see no alternative for him than that he bring a suit in a court which will have jurisdiction over them. This equitable rule seems to be recognized in *New York Life Insurance Company v. Smith,* 67 Fed. 694, relied upon by plaintiff as holding differently in an action at law. We have no criticism as to the ruling in that case, but do not think it applicable to the facts here. The trial court heard the plaintiff upon her law case, as did the Federal Court in the *Smith* case, in which no equities were involved. The conclusions here reached do not prohibit the plaintiff from instituting an action against Benson, Smith & Company and the insurance company in order to have the rights of both alleged beneficiaries determined and the insurance paid to whomsoever is entitled to it.

Counsel make the further contention that Benson, Smith & Company had no insurable interest in the life of the insured, and that it is against public policy to allow them, or it, as the case may be, to become the owner of insurance on his life. They have cited numerous authorities upon this subject. There is no such an issue involved in this case, and certainly it could not be decided in an action to which Benson, Smith & Company were not a party.

In view of further litigation over the proceeds of this

policy, we deem it proper to state as this trial took place before Rule IX of this court concerning non-suits became effective, that this action does not come under this rule.

The judgment is affirmed.

*Affirmed.*

Decision *en banc.*

Mr. JUSTICE SCOTT dissents.

Mr. JUSTICE TELLER not participating.

SCOTT, J., dissenting.

There is no question in this case as to the validity of the policy nor as to the liability of the defendant under it for the full amount named therein. The only question for determination is as to whether or not there was a change of beneficiary such as will permit the plaintiff to recover.

There is no admission in the pleadings, and no testimony to show that Benson & Company, the beneficiary named in the policy, has other or different rights, or can be regarded in any other or different light than any beneficiary who may have been so named. Therefore, we are to determine as the sole question whether or not the insured, by his acts and conduct, effected a change of beneficiary, in substantial compliance with his rights under its terms, and whether there was any such shortcoming of which the defendant company may complain, that will defeat recovery by the plaintiff.

It is admitted that the defendant company did not endorse on the policy the fact of change of beneficiary. Counsel for defendant contend that the action is one at law, and not in equity, and that for such reason we may not consider the equities of the parties; and, further, that authorities which may support the contentions of the plaintiff as being founded in equity are not to be accepted as authority in this case.

I cannot accept this contention. It is true that the action is primarily upon a written contract, but there is no dispute as to the liability of the defendant under that contract, and the sole question at issue is as to whether the plaintiff is entitled to recover under it, and this presents a question in equity which was sufficiently pleaded.

By the first section of our code, distinction between actions at law and suits in equity are abolished, and we are left but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs.

It has been held that under our practice, legal and equitable relief may be had in the same action, as the nature and cause of the action may require, the only prerequisite being that in order that equitable relief may be had, equitable pleadings must be interposed. *Home Ins. Co. v. Railroad Co.*, 19 Colo. 46, 34 Pac. 281.

The clause in the policy relating to change of beneficiary, in so far as important to consider, is:

"The insured, having reserved the right, may change the Beneficiary, or Beneficiaries, at any time during the continuance of this Policy, by written notice to the Company at the Home Office, provided this Policy is not then assigned. The Insured may at any time, by written notice to the Company at the Home Office, declare any Beneficiary then named to be an Absolute Beneficiary under this Policy. No designation, or change of Beneficiary, or declaration of an Absolute Beneficiary, shall take effect until endorsed on this Podicy by the Company at the Home Office."

The duly executed change of beneficiary by the insured upon a form provided and furnished by the defendant company was filed with it at the home office, and noted on the records of the company in July, 1907, and so remained on file until the death of the insured, July 27th, 1910.

The only uncompleted requirement was that this change of beneficiary was not endorsed on the policy by the com-

pany at its home office. The reason assigned for the failure
of the company to so endorse is that the insured did not
forward the policy to the company for such indorsement.

It is clear that this was prevented by the act of The
Benson Company alone, which company, it is admitted in
the pleadings, was in possession of the policy, and refused
and continued to refuse to deliver such policy either to
Rumsey, the insured, or to the insurance company for the
purpose of such endorsement. This appears from the un-
denied allegation of the plaintiff in her verified pleadings,
in the following language:

"This plaintiff and as well the said Samuel L. Rumsey,
about the month of August, 1907, and at divers times there-
after, gave notice to the said Benson Company not to pay
any further premiums upon the said policy, and that the
said Samuel L. Rumsey had, pursuant to the right to him
in the said policy reserved, changed the beneficiary and
designated the plaintiff as beneficiary, and that no right of
the said corporation in the said policy or the proceeds
thereof was or would be recognized by him, the said Samuel
L. Rumsey, or by this plaintiff, except the right to be re-
paid such premiums as the said corporation had thereto-
fore paid upon the said policy, and which had not been
otherwise paid by the said Samuel L. Rumsey, all of which
such premiums the said Samuel L. Rumsey then and there
offered to pay to the said corporation, and the plaintiff and
the said Samuel L. Rumsey then and there demanded of the
said corporation that it deliver the said policy to him, the
said Samuel L. Rumsey, but the said Benson Company
failed and refused so to do, and that if the said change of
beneficiary so made by the said Samuel L. Rumsey was
never endorsed upon the said policy, the same was not so
endorsed because of the failure and refusal of the said Ben-
son Company to deliver the said policy to this plaintiff or
to the said Samuel L. Rumsey or to the said defendant com-
pany for the purpose of having the said endorsement made,

and the said Benson Company caused the said supposed failure to secure, or make, or have made, the said endorsement by its own wrongful act, and cannot be heard to take advantage thereof.

This is confirmed by the allegation of the defendant company contained in its answer: "That the said policy of insurance so issued as aforesaid upon the life of the said Samuel L. Rumsey has been ever since its issuance, and still is, claimed and owned by, and within the actual possession of, The Benson Company."

Then the failure to have the change of beneficiary endorsed on the policy was the result alone of the wilful act of the Benson Company. If this act was wrongful, can the defendant now be heard to say that by reason thereof it may defeat the claim of the plaintiff, upon the ground that there was no change of beneficiary for the sole reason that such change was not endorsed on the policy?

As a beneficiary simply, the Benson Company had no right to possession of the policy as against the will of the insured and owner thereof. Then, by what other right did it retain possession so as to prevent an exercise of the express right of the plaintiff to change the beneficiary at any time he might so determine? The policy had not been assigned to such corporation. It had not been deposited with it as security for any debt of the insured or otherwise. The Benson Company had not been declared an Absolute Beneficiary. The contract of insurance was solely between Rumsey and the insurance company, with the reserved exclusive right to him to change the beneficiary at any time.

The policy contained no reference to the Benson Company, save that it was made the beneficiary therein, subject to such absolute and reserved right of the insured to change such beneficiary at any time, the exercise of which right required neither the consent of the Benson Company nor of the insurance company.

No such claim to possession of the policy can be sustained upon the mere fact that Rumsey was a stockholder and officer of the Benson corporation.

The only other pretense of right to possession of the policy by the Benson Company is the following allegation in the defendant's answer:

"That on the said 11th day of June, A. D. 1903, the said Smith, the said Rumsey and the said Gignoux each made application to the defendant for insurance in the sum of five thousand dollars each, upon their respective lives, for the use and benefit of the Benson Company, and for the protection of the interest of the Benson Company in their respective lives as officers and stockholders of the Benson Company; that thereafter, and based upon said several applications for insurance, this defendant issued and delivered a policy of insurance upon the life of each of said three last named persons respectively, each policy for the sum of five thousand dollars, in each of which policies the Benson Company was and still is designated and specified as the benefiiciary thereof; which said policies were respectively numbered as follows, to-wit: George W. Smith, 3442990; Samuel L. Rumsey, 3442989; Alexis J. Gignoux, 3443679. That the Benson Company paid the initial premium upon each of said policies, and has paid each and every annual premium upon each of said policies annually ever since, and as the same became due and payable."

This allegation, except in so far as it recites that two other persons who were stockholders in the Benson Company secured policies as individuals in the same company, and at the same time, is expressly denied. The defendant offered no proof, and therefore in this case as tried the allegation is without support and must be considered as though not made. But if there was justification in fact for what is thus alleged, it furnishes no basis for a right of possession of the policy itself, or any title in or to it.

There is no allegation that Rumsey made any contract

or agreement with the Benson corporation in that respect. It is simply said that the three stockholders, including Rumsey, took out the policies for the benefit of the company. Assuming this to be true, no consideration for such action is alleged, either as between them, or as between themselves and the Benson corporation.

At most, it was an individual voluntary act, subject to revocation by either party at any time. But the contract here is one between Rumsey, the insured, and the insurance company, and any private outside agreement between a number of policy holders as individuals, as to who should be the beneficiary in each policy at the time, could not abridge the contract right of each contained in the policy to at any time change his beneficiary.

If it be true that each applied for and received a like policy from the same company, then each knew that his interests, if he had any, were subject to the terms of the policy.

It is also alleged by the defendant that the Benson Company paid the initial and other premium payments on the Rumsey policy. But it is plain that at least since 1907 these payments were over the protest of Rumsey, and that tender was made of any sums so paid at the time of the demand for possession of the policy. If the Benson Company had any claim in this respect it was not such as to entitle that company to possession of the Rumsey policy, and particularly where offer of payment of any such sum was made.

Beside, any such payment of premium was a matter as between that company and Rumsey, and is no defense in this case. But a private corporation of the character of the Benson Company cannot be presumed to have such incidental power as will enable it to pay insurance premiums upon the insurance policies of its shareholders, and no special or specific powers are pleaded. *Victor v. Mills*,

*Wilson & Travelers' Ins. Co.,* 148 N. C. 107, 61 S. E. 648, 16 L. R. A. (N. S.) 1020, 16 Ann. Cas. 291.

The withholding of possession of the Rumsey policy by the Benson Company was clearly wrongful.

"A policy of insurance does not create a vested interest in the beneficiary during the life-time of the insured when, by the terms of the policy, the insured reserves the right to change the beneficiary. Under such a provision the right of the beneficiary vests conditionally, not absolutely; and the insured, without the knowledge or consent of the beneficiary, may designate another, for the reason that the rights of the person named in the policy as beneficiary are subject to be defeated by the terms of the contract naming him as such. In other words, this is a condition of the contract, and his right is therefore subject to it." *Hopkins v. N. W. Ins. Co.,* 99 Fed. 199, 40 C. C. A. 1; *Mut. Life Ins. Co. v. Twyman,* 122 Ky. 513, 92 S. W. 335, 97 S. W. 391, 121 Am. St. Rep. 471; *Hopkins v. Hopkins,* 92 Ky. 324, 17 S. W. 864; *Atl. M. L. I. Co. v. Gannon,* 179 Mass. 291, 60 N. E. 933; *Martin v. Stubbings,* 126 Ill. 387, 18 N. E. 657, 9 Am. St. Rep. 620; *Delaney v. Delaney,* 175 Ill. 187, 51 N. E. 961; *Splawn v. Chew,* 60 Tex. 532; *Fuos v. Dietrich* (Tex. Civ. App.), 101 S. W. 291; *McNeil v. Chinn,* 45 Tex. Civ. App. 551, 101 S. W. 465; *Knights of Honor v. Watson,* 64 N. H. 517, 15 Atl. 125.

The right of the insured to the possession of such a policy as the one in question has been recognized by our courts.

It was said in *Denver Life Ins. Co. v. Crane,* 19 Colo. App. 191, "The policy provided, in explicit language, that the insured might, without the plaintiff's consent, diminish the amount of the insurance or appoint another beneficiary in her place. She, therefore, had no vested interest, but only an expectancy, which might at any time be defeated by the act of her husband. His control over the policy,

subject to its terms, was as complete as if he had been himself the beneficiary."

The doctrine that equity aids in an attempted but uncompleted change of beneficiary has been repeatedly recognized by this court and the court of appeals. It was said in *Rollins v. McHatton,* 16 Colo. 203, 27 Pac. 254, 25 Am. St. 260:

"If the assured has done his part towards perfecting the substitution in accordance with the method prescribed, but owing to circumstances over which he has no control, the change is not entirely consummated at the time of his death, equity will sometimes treat the substitution as complete. Bacon's Benefit Societies, etc., secs. 309 and 310, and cases cited. But it is an essential prerequisite to the interposition of equity that the assured has in good faith attempted to comply with the prescribed mode of substitution."

This principle was accepted in *Johnson v. New York Life Co.,* 56 Colo. 178, 138 Pac. 414, where it was said:

"The complaint fails to allege a sufficient attempt on the part of the insured to make a change of the beneficiary in the manner provided, or that he was prevented from doing so by the happening of that over which he had no control. What it alleges on this subject in the way of an excuse was pure neglect upon his part, and nothing more. These alleged excuses disclose that he was aware of the conditions prescribed in the policy by which a change of beneficiary could be made. Regardless of this he made no reasonable effort to have the beneficiary changed in the manner prescribed in the policy."

Considering a policy with like provisions for change of beneficiary as in this case, and where the insured, two days before his death, directed a change in beneficiary and mailed the policy with notice of change to the home office of the company, and where the insured died before the notice reached the company, it was held in *Mutual Life Co.*

*v. Lowther,* 22 Colo. App. 622, 126 Pac. 882, that the change
of beneficiary was in substantial conformity with the terms
of the policy. It was there said:

"The clause in the policy, 'such change shall take effect
upon the endorsement of the same on the policy by the com-
pany,' in view of the entire paragraph in which it is found,
does not suggest to our mind a condition precedent to the
consummation of the change of beneficiary, but rather a
provision for protection against such possible oral or other
changes by the insured of which the company has not re-
ceived notice. In such case this clause would protect the
company against liability as between contesting benefici-
aries for the fund. The first change received and endorsed
by it would be upheld, and the record thus made would like-
wise protect the true beneficiary and give effect to the in-
sured's wishes."

In this case Rumsey did all that he could to effect the
change of beneficiary, as indicated by the execution and
delivery to the company of such change of beneficiary, and
by correspondence covering a period of more than three
years before his death; and it is clear that the endorsement
on the policy was prevented solely by the wrongful act of
the Benson Company.

The original beneficiary, in whose possession the cer-
tificate is, cannot defeat the change by refusing to surrender
the certificate. Cooley's Briefs on Insurance, 3770; *Delaney
v. Delaney,* 175 Ill. 187, 51 N. E. 961, affirming 70 Ill. App.
130; *Allgemeiner Arbeiter Bund v. Adamson,* 132 Mich. 86,
92 N. W. 786; *Lahey v. Lahey,* 174 N. Y. 146, 66 N. E. 670,
61 L. R. A. 791, 95 Am. St. Rep. 554, affirming 66 App. Div.
623, 73 N. Y. Supp. 1138; *Cade v. Head Camp, Pacific Juris-
diction, Woodmen of the World,* 27 Wash. 218, 67 Pac. 603.

The provision in the policy cannot require an impossi-
bility on the part of the insured. *Isgrigg v. Schooley,* 125
Ind. 94, 25 N. E. 151. In such a case equity will aid the
substituted beneficiary, and regard that as done which ought

to have been done. *Jory v. Supreme Council, A. L. H.,* 105 Cal. 20, 38 Pac. 524, 26 L. R. A. 733, 45 Am. St. Rep. 17; *Lahey v. Lahey,* 174 N. Y. 146, 66 N. E. 670, 61 L. R. A. 791, 95 Am. St. Rep. 554.

The plaintiff in error contends that the defendant company by its acts in accepting the payment of the last premium to become due, before the death of Rumsey, and in accepting and noting on its records, and retaining the executed change of beneficiary, has waived its right to complain as to the want of actual endorsement of such change upon the policy.

While this matter is extensively argued and earnestly urged, I do not consider it necessary to discuss or determine that question, preferring to rest my opinion upon the conclusion that there was a substantial compliance with the terms of the policy under the facts of this case.

In the brief of the defendant in error, filed after the oral argument, it is urged that the plaintiff did not plead or prove that the policy was not assigned at the time of the execution and delivery to the company of the notice and change of beneficiary. The record shows that this question was not raised in the court below and not presented in the original briefs, and for such reason is not properly here for consideration.

But such an allegation would be purely negative and is a matter of defense. It cannot be presumed that there was an assignment of the policy. Beside, the policy contains the provision relating to assignment, that "Any assignment of this Policy must be made in duplicate and both sent to the Home Office, one to be retained by the Company and the other to be returned. The Company has no responsibility for the validity of an assignment." In addition to this the defendant alleges in its answer that the policy was issued for the benefit of the Benson Company, and has been in its possession since that time. If, then, there has been a valid assignment of the policy, such fact was peculiarly within

the knowledge of the defendant company, and it was its duty to plead it.

It might be said with equal consistency that the policy provides for the declaration of an Absolute Beneficiary, and therefore and for such reason it was incumbent on the plaintiff to plead that there had been no such declaration.

It is further contended by the defendant in error that there is a distinction in the rules of law as between fraternal or mutual and ordinary life companies, as applicable to change of beneficiary. It may be regarded as settled in this jurisdiction that there is no such distinction. *Johnson v. New York Life, supra.*

It is also urged that it is vitally necessary that the original beneficiary named in the policy be made a part to the action, in order that the defendant insurance company may be protected against a double liability.

It appears that the original beneficiary in this case made no proof of death, brought no suit to enforce its claims, nor has it made any other effort to protect any such claim.

It is also alleged in defendant's answer that the Benson Company refuses to interplead in this case. This refusal implies knowledge of the pendency of the suit, and a declination to assert its claim. The claim of the plaintiff is a direct one against the defendant, and this claim is well sustained, and is exclusive.

There can be neither reason nor justice under this state of facts in denying to the plaintiff the right to have her cause determined in this jurisdiction, upon the ground that she is powerless to bring into a court a party residing in a foreign jurisdiction, or, on the other hand, to send her to the Hawaiian Islands to assert her rights as against the defendant, when such party through the assertion of the defendant only, claims an interest in the matter litigated.

A similar claim as to necessary parties was made in the case of *New York Life Ins. Co. v. Smith,* 67 Fed. 694,

14 C. C. A. 635, and the facts in this case seem to make the language of the court in that case entirely applicable, wherein it was said:

"It is earnestly argued by the plaintiff in error that J. B. Murphy is an indispensable party as a defendant, and that this action cannot be maintained without his being made a party, and that in the event that he could not be brought within the jurisdiction of the court, the action should be dismissed. Ergo, if this position is sound, the same objection could be made to any action brought by Murphy, and the insurance company would go Scott-free, and obtain a judgment in both cases for its costs. Nevertheless, if the law casts upon the defendant in error the burden of procuring the presence of Murphy, it would be her misfortune if she has not or could not do so. We are of opinion that the law imposes upon her no such burden."

It must be assumed that the defendant has set up in its answer every right that the Benson Company may claim in the premises, and it is plain upon this hearing that such company has no right, but, on the contrary, that upon the state of facts presented the cause is one solely between the plaintiff and defendant, and this is clearly within sec. 16 of the Code.

The objection as to defect of parties was not raised in the trial court, either by demurrer or answer, nor was it suggested as a ground of the motion for a non-suit.

The written opinion of the trial court discloses that the point was neither raised nor considered in that court. For such reasons the defendant has waived that question, and it cannot be considered by this court for the first time. Under our code and under the settled rule of courts a defect of parties plaintiff or defendant is waived unless the objection is urged by demurrer, if the defect appears upon the face of the complaint, or by plea or answer where the defect does not so appear. Sections 55, 56 and 57, Civil Code; 31 Cyc. 738; *Gutheil Park Inv. Co. v. Montclair,* 32

Colo. 420, 76 Pac. 1050; *Medano Ditch Co. v. Adams,* 29 Colo. 317, 68 Pac. 431; *Farncomb v. Stern,* 18 Colo. 279, 32 Pac. 612; *Abbott v. Yuma Co.,* 18 Colo. 6, 30 Pac. 1031; *Melsheimer v. Hommel,* 15 Colo. 475, 24 Pac. 1079; *Fitzgerald v. Burke,* 14 Colo. 559, 23 Pac. 993; *Great West Min. Co. v. Woodmas of Alston Min. Co.,* 12 Colo. 46, 20 Pac. 771, 13 Am. St. Rep. 204; *Cowell v. South Denver Real Estate Co.,* 16 Colo. App. 108, 63 Pac. 991; *Wilson v. Welch,* 8 Colo. App. 210, 46 Pac. 106; *Union Pac. etc., R. Co. v. Perkins,* 7 Colo. App. 184, 42 Pac. 1047; *Poundstone v. Maben,* 5 Colo. App. 70, 37 Pac. 37; *Poundstone v. Holt,* 5 Colo. App. 66, 37 Pac. 35; *Simonton v. Rohm,* 14 Colo. 51, 23 Pac. 86.

The facts of this case as admitted and proven do not bring it within the exception to the rule thus stated, for the court can justly proceed to a judgment without the presence of the Benson Company. Under the law as here announced, the requirements of the policy were substantially and sufficiently complied with, and the plaintiff alone is entitled to recover, notwithstanding the fact that the Benson Company was the original beneficiary or because of other claims of the company as recited in the answer, even though all of such be admitted to be true.

The granting of the relief prayed for, therefore, does not prejudice the rights of the Benson Company, for its alleged claim of right can be as completely determined without its presence as with it. It had no vested or acquired rights in the policy as against the will and the acts of the insured, and these were sufficiently exercised to make the plaintiff the sole party in interest as a beneficiary.

The exception to the rule stated is announced in 31 Cyc. 742, and has been considered in *Peck v. Peck,* 33 Colo. 421, 80 Pac. 1063, and in *Colorado State Bank v. Davidson,* 7 Colo. App. 91, 42 Pac. 687.

If we were to admit that the policy was taken by Rumsey for the benefit of the Benson Company, and that under an agreement between Smith, Gignoux and Rumsey each

took out a like policy for the benefit of that company, there still remained the absolute right of each to change his benefiiciary in the same manner, and whenever at his will he might elect to do so. The substituted beneficiary is not and cannot be bound by any such prior agreement, either verbal or written, between the three policy holders.

If recovery is had at all, it must be under the terms of the contract between the insured and the insurance company. It would be a singular state of the law if insurance companies should find their rights, duties and obligations dependent upon outside agreements as between policy holders. The insured under the policy had the unrestricted right (1) to assign his policy, which he did not do; and (2) to change his beneficiary, which we find he sufficiently did do. There can be no valid right upon the part of the original beneficiary or the insurance company to question the unqualified and unrestricted exercise of either of these rights, if in substantial compliance with the terms of the policy.

Then, it is folly to say in this case that The Benson Company is an indispensable party to the suit, for it can assert no other claim in this action than that which has been considered.

Admitting further, that the Benson Company has paid all the premiums upon the policy. Such, if true, was the voluntary act of that corporation, for which it can have no other claim than against the estate of Rumsey or from the proceeds of the policy. Certainly, the insurance company cannot be held or bound by such conduct, and to so hold the substituted beneficiary, would be for the court to write a new contract for the parties.

The proceeds of an insurance policy belong to the beneficiary under it, regardless of how or from who the money was obtained with which to pay the premiums.

I think the judgment should be reversed with instruc-

tions to the court to enter judgment for the plaintiff in accordance with the prayer of the complaint.